Benjamin Heikali (SBN 307466)
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: bheikali@faruqilaw.com

*Attorneys for Plaintiff Camille Cabrera*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILLE CABRERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC and BAYER CORPORATION,<br><br>Defendants. | Case No.: 2:17-cv-08525<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Violation of California Civil Code §1750,** *et seq.*<br><br>2. **Violation of California Business and Professions Code § 17200,** *et seq.*<br><br>3. **Violation of California Business and Professions Code § 17500,** *et seq.*<br><br>4. **Breach of Express Warranty**<br><br>5. **Breach of Implied Warranty**<br><br>6. **Common Law Fraud**<br><br>7. **Intentional Misrepresentation**<br><br>8. **Negligent Misrepresentation**<br><br>9. **Quasi-Contract/Unjust Enrichment/Restitution**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Camille Cabrera ("Plaintiff") by and through her counsel, brings this Class Action Complaint against Bayer HealthCare LLC and Bayer Corporation ("Defendants"), on behalf of herself and all others similarly situated, and alleges upon personal knowledge as to her own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendants, based on Defendants' false and misleading business practices with respect to the marketing and sale of its Flintstones™ Gummies Complete Children's Multivitamin Supplement and Flintstones™ Sour Gummies Complete Children's Multivitamin Supplement (the "Product(s)")[1].

2.     At all relevant times, Defendants have formulated, manufactured, labeled, marketed, and sold the Products as "Complete" multivitamin supplements, representing that the Products contain all the vitamins.

3.     However, unbeknownst to consumers, the Products do not contain Vitamin K, Vitamin $B_1$ (thiamine), Vitamin $B_2$ (riboflavin), and Vitamin $B_3$ (niacin) (collectively referred to as the "Missing Vitamins").

4.     Therefore, the Products fails to conform with a statement of quality made in Defendants' labeling because the Products are not "Complete" multivitamin supplements, as represented by Defendants.

5.     Plaintiff and other consumers purchased the Products, reasonably relying on Defendants' deceptive representation about the Products, and believing that the Products contained all the vitamins.  Had Plaintiff and other consumers known that the Products did not contain the Missing Vitamins they would not have purchased the Products or would have paid significantly less for the Products.  Therefore, Plaintiff and consumers have suffered injury in fact as a result of Defendants' deceptive

---

[1] Depicted *infra* in paragraph 20.

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  practices.

2      6.      Plaintiff brings this class action lawsuit on behalf of herself and all others

3  similarly situated.  Plaintiff seeks to represent a California Subclass, a California

4  Consumer Subclass, and a Nationwide Class (defined *infra* in paragraphs 32-34)

5  (collectively referred to as "Classes").

6      7.      Plaintiff, on behalf of himself and other consumers, is seeking damages,

7  restitution, declaratory and injunctive relief, and all other remedies the court deems

8  appropriate.

9              **JURISDICTION AND VENUE**

10     8.      This Court have subject matter jurisdiction pursuant to 28 U.S.C. §

11  1332(d)(2)(A) because this case is a class action where the aggregate claims of all

12  members of the proposed Classes are in excess of $5,000,000, exclusive of interests

13  and costs, and Plaintiff, as well as most members of the proposed Classes, which total

14  more than 100 class members, are citizens of states different from the state of

15  Defendants.

16     9.      This Court have personal jurisdiction over Defendants because

17  Defendants have sufficient minimum contacts in California or otherwise intentionally

18  did avail themselves of the markets within California, through their sale of the Products

19  in California and to California consumers.

20     10.     Venue is proper in this District pursuant to 28 U.S.C. 1391(b)(2) because

21  a substantial part of the events giving rise to this action occurred in this District.

22              **PARTIES**

23     11.     Plaintiff Camille Cabrera is a citizen of California, residing in Los

24  Angeles County.  In March 2017, Ms. Cabrera purchased the Flintstones™ Gummies

25  Complete Children's Multivitamin Supplement at Target in Los Angeles County.  Ms.

26  Cabrera purchased the Product, reasonably relying on the Defendants' "Complete"

27  representation on the Product and believing that the Product contained all the vitamins.

28

3

**CLASS ACTION COMPLAINT**

Ms. Cabrera would not have purchased the Product or would have paid significantly less for the Product had she known that the Product did not contain the Missing Vitamins.  Ms. Cabrera therefore suffered injury in fact and lost money as a result of Defendants' misleading, false, unfair, and fraudulent practices, as described herein. Despite being deceived by Defendants, Ms. Cabrera wishes and is likely to continue purchasing complete multivitamin products in the future, including the Products, but only if they will contain all the vitamins. Although Ms. Cabrera regularly visits stores where Defendants' multivitamins are sold, because she was deceived in the past by Defendants, absent an injunction, she will be unable to rely with confidence on Defendants' representations in the future and will therefore abstain from purchasing the Products, even though she would like to purchase them. In addition, members of the proposed classes run the risk of continuing to purchase the Products, under the assumption that the Products contain the Missing Vitamins. Until Defendants reformulate the Products or Defendants are enjoined from making further false and misleading representations, Plaintiff and other consumers will continue to bear this ongoing injury.

12.     Defendant Bayer Corporation is incorporated in Indiana, with its principal place of business in Whippany, New Jersey. Defendant Bayer Corporation, directly and/or through its agents, formulates, manufactures, labels, markets, distributes, and sells the Products nationwide, including in California.  Defendant Bayer Corporation has maintained substantial distribution and sales in this District.

13.     Defendant Bayer HealthCare LLC is a Delaware LLC with its principal place of business in Whippany, New Jersey.  Defendant Bayer HealthCare LLC directly and/or through its agents, formulates, manufactures, labels, markets, distributes, and sells the Products nationwide, including in California.  Defendant Bayer HealthCare LLC has maintained substantial distribution and sales in this District. Defendants Bayer Corporation and Bayer HealthCare LLC maintain their U.S.

4

**CLASS ACTION COMPLAINT**

headquarters for research and development in Berkeley, California, and maintain a presence in over 30 cities in California.

## FACTUAL ALLEGATIONS

**I.     Background On Vitamins**

14.     The FDA has also stated that "[v]itamins are essential nutrients that contribute to a healthy life" and that "[t]here are 13 vitamins that the body absolutely needs: vitamins A, C, D, E, **K**, and the B vitamins (**thiamine**, **riboflavin**, **niacin**, pantothenic acid, biotin, vitamin B-6, vitamin B-12 and folate)."[2] (emphases added).

15.     **Vitamin K** is important for blood clotting and healthy bones.[3] Vitamin K functions as a coenzyme for vitamin K-dependent carboxylase, an enzyme required for the synthesis of proteins involved in hemostasis (blood clotting) and bone metabolism, and other diverse physiological functions.[4] According to Defendants, "Vitamin K, known as the 'clotting vitamin,' plays an important role in wound healing and bone metabolism."[5]

16.     **Vitamin $B_1$ (thiamin)** plays an important role in energy metabolism and the growth, development, and function of the cells in the human body.[6] Vitamin $B_1$ is important for muscle function and a healthy nervous system.[7] According to Defendants, "Thiamin… helps the body metabolize protein and carbohydrates to produce energy. It is important for normal functioning of the nervous system."[8]

17.     **Vitamin $B_2$ (riboflavin)** is an essential component of coenzymes that

[2] http://www.fda.gov/ForConsumers/ConsumerUpdates/ucm118079.htm (last visited on November 21, 2017).
[3] https://ods.od.nih.gov/factsheets/VitaminK-Consumer/ (last visited on November 21, 2017).
[4] https://ods.od.nih.gov/factsheets/VitaminK-HealthProfessional/ (last visited on November 21, 2017).
[5] https://www.flintstonesvitamins.com/about-our-nutrients/ (last visited on November 21, 2017).
[6] https://ods.od.nih.gov/factsheets/Thiamin-HealthProfessional/ (last visited on November 21, 2017).
[7] https://ods.od.nih.gov/HealthInformation/dictionary.aspx (last visited on November 21, 2017).
[8] https://www.flintstonesvitamins.com/about-our-nutrients/ (last visited on November 21, 2017).

**CLASS ACTION COMPLAINT**

"play major roles in energy Production; cellular function, growth, and development; and metabolism of fats, drugs, and steroids."[9] According to Defendants, "Riboflavin is necessary for producing energy."[10]

18.   **Vitamin B$_3$ (niacin)** "helps the digestive system, skin, and nerves to function. It is also important for converting food to energy."[11] According to Defendants, "[o]ne of the 8 B vitamins, niacin is found in every cell of the body and is necessary for helping convert food to energy."[12]

**II.   Defendants' False And Misleading Advertising Of The Products**

19.   At all relevant times, Defendants directly and/or through their agents, have formulated, manufactured, labeled, marketed, distributed, and sold the Products across California and the United States.  The Products are sold in store and/or online at various retailers and pharmacies including, but not limited to, Target, Amazon.com, Walgreens, CVS, and Walmart.

20.   As depicted below, Defendants conspicuously represent on the front panel of the Products' labeling that each of the Products is a "Complete" multivitamin supplement:[13]

---

[9] https://ods.od.nih.gov/factsheets/Riboflavin-HealthProfessional/ (last visited on November 21, 2017).

[10] https://www.flintstonesvitamins.com/about-our-nutrients/ (last visited on November 21, 2017).

[11] https://medlineplus.gov/ency/article/002409.htm (last visited on November 21, 2017).

[12] https://www.flintstonesvitamins.com/about-our-nutrients/ (last visited on November 21, 2017).

[13] https://www.target.com/p/flintstones-complete-multivitamins-supplement-mixed-fruit-gummies-80ct/-/A-50419005#lnk=sametab (last visited on November 21, 2017); https://www.target.com/p/flintstones-complete-multivitamin-supplement-sour-gummies-for-children-180ct/-/A-11201230#lnk=sametab&sneakTo=11201230 (last visited on November 21, 2017).

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



8

**CLASS ACTION COMPLAINT**

21.   By representing that each of the Products is a "Complete" multivitamin supplement, Defendants warrant to consumers of the Products that the Products contain all the vitamins.

22.   However, unbeknownst to Plaintiff and other consumers, the Products uniformly do not contain Vitamin K, Vitamin $B_1$ (thiamin), Vitamin $B_2$ (riboflavin), or Vitamin $B_3$ (niacin):




**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19    23.    Defendants knew or should have known that the Products do not contain

20  the Missing Vitamins because Defendants and/or their agents formulated and

21  manufactured the Products.

22    24.    Defendants knew or should have known that Plaintiff and other

23  consumers, in purchasing the Products, would rely on Defendants' representation about

24  the Products and would therefore reasonably believe that the Products contains all the

25  vitamins.

26    25.    In reasonable reliance on Defendants' "Complete" multivitamin

27  supplement representation on the Products, and believing that the Products contain all

28

**CLASS ACTION COMPLAINT**

1   the vitamins, Plaintiff and other consumers purchased the Products.

2         26.    Plaintiff and other consumers did not know, and had no reason to know,

3   that the Products do not contain the Missing Vitamins. Plaintiff and other reasonable

4   consumers are not expected to look beyond the representations on the front panel of

5   the Products to confirm or refute those representations.  Further, Plaintiff is not an

6   expert in nutrition and dietary supplements and did not understand whether the list of

7   vitamins on the Supplement Facts panel of the Products contains all vitamins or not.

8         27.    Because the Products do not contain the Missing Vitamins, as reasonably

9   expected by Plaintiff and other consumers, Defendants' uniform practice regarding the

10   marketing and sale of the Products was and continues to be misleading and deceptive.

11         28.    Each consumer has been exposed to the same or substantially similar

12   deceptive practice, as at all relevant times, (1) Defendants uniformly represented on

13   each of the Products that they were each a "Complete" multivitamin supplement, and

14   (2) each of the Products did not contain the Missing Vitamins.

15         29.    Plaintiff and other consumers have paid an unlawful premium for the

16   Products.  Plaintiff and other consumers would have paid significantly less for the

17   Products had they known that they do not contain the Missing Vitamins. In the

18   alternative, Plaintiff and other consumers would not have purchased the Products at all

19   had they known that the Products do not contain the Missing Vitamins. Therefore,

20   Plaintiff and other consumers purchasing the Products suffered injury in fact and lost

21   money as a result of Defendants' false, misleading, unfair, and fraudulent practices, as

22   described herein.

23         30.    As a result of their misleading business practice, and the harm caused to

24   Plaintiff and other consumers, Defendants should be required to pay for all damages

25   caused to consumers, including Plaintiff.  Furthermore, Defendants should be enjoined

26   from engaging in these deceptive practices.

27         31.    Despite being deceived by Defendants, Plaintiff wishes and is likely to

28

**CLASS ACTION COMPLAINT**

continue purchasing complete multivitamin products in the future, including the Products, but only if they will contain all the vitamins. Although Plaintiff regularly visits stores where Defendants' multivitamins are sold, because she was deceived in the past by Defendants, absent an injunction, she will be unable to rely with confidence on Defendants' representations in the future and will therefore abstain from purchasing the Products, even though she would like to purchase them. In addition, members of the proposed classes run the risk of continuing to purchase the Products, under the assumption that the Products contain the Missing Vitamins. Until Defendants reformulate the Products or Defendants are enjoined from making further false and misleading representations, Plaintiff and other consumers will continue to bear this ongoing injury.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this case as a class action that may be properly maintained under Federal Rule of Civil Procedure 23 on behalf of herself and all persons in the United States, who within the relevant statute of limitations periods, purchased any of the Products ("Nationwide Class").

33.     Plaintiff also seeks to represent a subclass defined as all California residents, who within the relevant statute of limitations periods, purchased any of the Products ("California Subclass").

34.     Plaintiff also seeks to represent a subclass defined as all California residents, who within the relevant statute of limitations periods, purchased any of the Products for personal, family, or household purposes ("California Consumer Subclass").

35.     Excluded from the Classes are Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants has or had a controlling interest.  Any judge and/or magistrate judge to whom this

**CLASS ACTION COMPLAINT**

action is assigned and any members of such judges' staffs and immediate families are also excluded from the Classes.  Also excluded from the Classes are persons or entities that purchased the Products for sole purposes of resale.

36.    Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

37.    Plaintiff is a member of all Classes.

38.    <u>Numerosity</u>:  Defendants have sold millions of units of the Products.  The Products is sold in store and/or online at various retailers and pharmacies including, but not limited to, Target, Amazon.com, Walgreens, CVS, and Walmart.  Accordingly, members of the Classes are so numerous that their individual joinder herein is impractical.  While the precise number of class members and their identities are unknown to Plaintiff at this time, the number may be determined through discovery.

39.    <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual class members.  Common legal and factual questions include, but are not limited to, whether or not the Products were misleadingly advertised as "Complete" multivitamin supplements and whether the Products contain the Missing Vitamins.

40.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Classes she seeks to represent in that Plaintiff and members of the Classes were all exposed to the same or substantially similar false and misleading representation, purchased the Products relying on the uniform false and misleading representations, and suffered losses as a result of such purchases.

41.    <u>Adequacy</u>:  Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the members of the Classes she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.  The interests of the

13

**CLASS ACTION COMPLAINT**

1    members of the Classes will be fairly and adequately protected by the Plaintiff and her

2    counsel.

3        42.    <u>Superiority</u>:  A class action is superior to other available means for the fair

4    and efficient adjudication of the claims of the members of the Classes.  The size of

5    each claim is too small to pursue individually and each individual Class member will

6    lack the resources to undergo the burden and expense of individual prosecution of the

7    complex and extensive litigation necessary to establish Defendants' liability.

8    Individualized litigation increases the delay and expense to all parties and multiplies

9    the burden on the judicial system presented by the complex legal and factual issues of

10   this case.   Individualized litigation also presents a potential for inconsistent or

11   contradictory judgments.  The class action mechanism is designed to remedy harms

12   like this one that are too small in value, although not insignificant, to file individual

13   lawsuits for.

14       43.    This lawsuit is maintainable as a class action under Federal Rule of Civil

15   Procedure 23(b)(2) because Defendants have acted or refused to act on grounds that

16   are generally applicable to the class members, thereby making final injunctive relief

17   appropriate with respect to all Classes.

18       44.    This lawsuit is maintainable as a class action under Federal Rule of Civil

19   Procedure 23(b)(3) because the questions of law and fact common to the members of

20   the Classes predominate over any questions that affect only individual members, and

21   because the class action mechanism is superior to other available methods for the fair

22   and efficient adjudication of the controversy.

23                          **FIRST CLAIM FOR RELIEF**
24           **Violation of California's Consumers Legal Remedies Act ("CLRA"),**
                         **California Civil Code §§ 1750, *et seq.*
25                      (*for the California Consumer Subclass*)**

26       45.    Plaintiff repeats the allegations contained in paragraphs 1-44 above as if

27   fully set forth herein.

28

---
**CLASS ACTION COMPLAINT**

46.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendants.

47.    The Products is a "good" pursuant to Cal. Civ. Code § 1761(a), and the purchases of the Products by Plaintiff and members of the California Consumer Subclass constitute "transactions" pursuant to Cal. Civ. Code § 1761(e).

48.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ."  By labeling the Products as a "Complete" multivitamin supplement, Defendants have represented and continue to represent that the Products contains all the vitamins, when they do not have.  Therefore, Defendants have violated section 1770(a)(5) of the CLRA.

49.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style of model, if they are another."  By falsely labeling the Products as a "Complete" multivitamin supplement, Defendants have represented and continue to represent that the Products are of a particular standard, quality, and/or grade when they are not of that particular standard, quality, and/or grade. Therefore, Defendants have violated section 1770(a)(7) of the CLRA.

50.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised."   By falsely labeling the Products as a "Complete" multivitamin supplement, and then intentionally not selling the Products to meet the expectations that they do in fact contain all vitamins, Defendants have violated section 1770(a)(9) of the CLRA.

51.    At all relevant times, Defendants knew or reasonably should have known that the Products do not contain the Missing Vitamins, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the representations about the Products in purchasing them.

**CLASS ACTION COMPLAINT**

52.    Plaintiff and members of the California Consumer Subclass reasonably and justifiably relied on Defendants' misleading and fraudulent representations about the Products when purchasing them.   Moreover, based on the very materiality of Defendants' fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

53.    Plaintiff and members of the California Consumer Subclass suffered injuries caused by Defendants because they would not have purchased the Products or would have paid significantly less for the Products, had they known that Defendants' conduct was misleading and fraudulent.

54.    Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass seek damages, restitution, declaratory and injunctive relief, and all other remedies the Court deems appropriate for Defendants' violations of the CLRA.

55.    Pursuant to Cal. Civ. Code § 1782, on July 18, 2017, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to Defendants.[14]   Defendants received the notice and demand letter on July 21, 2017. Because Defendants have failed to fully rectify or remedy the damages caused within 30 days after receipt of the notice and demand letter, Plaintiff is timely filing this Class Action Complaint for a claim for damages under the CLRA.

### SECOND CLAIM FOR RELIEF
#### Violation of California's Unfair Competition Law ("UCL"),
#### California Business & Professions Code §§ 17200, *et seq.*
#### (*for the California Subclass and California Consumer Subclass*)

56.    Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set forth herein.

57.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against

---

[14] *See* Exhibit "A."

**CLASS ACTION COMPLAINT**

1   Defendants.

2    58. UCL §17200 provides, in pertinent part, that "unfair competition shall

3   mean and include unlawful, unfair or fraudulent business practices and unfair,

4   deceptive, untrue or misleading advertising . . . ."

5    59. Under the UCL, a business act or practice is "unlawful" if it violates any

6   established state or federal law.

7    60. Defendants' false and misleading advertising of the Products therefore

8   was and continues to be "unlawful" because it violates the CLRA, California's False

9   Advertising Law ("FAL"), and other applicable laws as described herein.

10    61. As a result of Defendants' unlawful business acts and practices,

11   Defendants have and continue to unlawfully obtained money from Plaintiff, and

12   members of both the California Subclass and California Consumer Subclass.

13    62. Under the UCL, a business act or practice is "unfair" if the Defendants'

14   conduct is substantially injurious to consumers, offends public policy, and is immoral,

15   unethical, oppressive, and unscrupulous, as the benefits for committing such acts or

16   practices are outweighed by the gravity of the harm to the alleged victims.

17    63. Defendants' conduct was and continues to be of no benefit to purchasers

18   of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who

19   rely on the representations about the Products but do not get what they were expecting.

20   Deceiving consumer about the contents of the Products is of no benefit to the

21   consumers, especially when they are paying a premium for the Products.  Therefore,

22   Defendants' conduct was and continues to be "unfair."

23    64. As a result of Defendants' unfair business acts and practices, Defendants

24   have and continue to unfairly obtain money from Plaintiff, and members of both the

25   California Subclass and California Consumer Subclass.

26    65. Under the UCL, a business act or practice is "fraudulent" if it actually

27   deceives or is likely to deceive members of the consuming public.

28

**CLASS ACTION COMPLAINT**

66.     Defendants' conduct here was and continues to be fraudulent because it have and will continue to likely deceive consumers into believing that the Products contain the Missing Vitamins, when they do not.  Because Defendants misled and will likely continue to mislead Plaintiff and members of both the California Subclass and California Consumer Subclass, Defendants' conduct was "fraudulent."

67.     As a result of Defendants' fraudulent business acts and practices, Defendants have and continue to fraudulently obtain money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

68.     Plaintiff requests that this Court cause Defendants to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the UCL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff, and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**THIRD CLAIM FOR RELIEF**
**Violation of California's False Advertising Law ("FAL"),**
**California Business & Professions Code §§ 17500, *et seq***
***(for the California Subclass and California Consumer Subclass)***

69.     Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set forth herein.

70.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendants.

71.     California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any

18
**CLASS ACTION COMPLAINT**

statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code §§ 17500.

72.   Defendants have represented and continue to represent to the public, including Plaintiff and members of both the California Subclass and California Consumer Subclass, that each of the Products is a "Complete" multivitamin supplement. Defendants' representation is false and misleading because the Products do not contain the Missing Vitamins. Because Defendants have disseminated false and misleading information regarding their Products, and Defendants knew, or should have known through the exercise of reasonable care, that the information was and continues to be false and misleading, Defendants have violated the FAL and continues to do so.

73.   As a result of Defendants' false advertising, Defendants have and continue to fraudulently obtain money from Plaintiff and members of both the California Subclass and California Consumer Subclass.

74.   Plaintiff requests that this Court cause Defendants to restore this fraudulently obtained money to Plaintiff and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the FAL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty,**
**California Commercial Code § 2313**
***(for the California Subclass and California Consumer Subclass)***

75.   Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set forth herein.

19

**CLASS ACTION COMPLAINT**

76.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendants.

77.     California Commercial Code § 2313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  Cal. Comm. Code § 2313.

78.     Defendants have expressly warranted that the Products are each a "Complete" multivitamin supplement. This representation about the Products: (1) is an affirmation of fact or promise made by Defendants, to consumers, that the Products contain all the vitamins; (2) became part of the basis of the bargain to purchase the Products; and (3) created an express warranty that the Products would conform to the affirmation of fact or promise.  In the alternative, the representation is a description of good, which was made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the Products' description.

79.     Plaintiff and members of both the California Subclass and California Consumer Subclass reasonably and justifiably relied on the foregoing express warranty in purchasing the Products, believing that that the Products did in fact conform to the warranty.

80.     Defendants have breached the express warranty made to Plaintiff and members of both the California Subclass and California Consumer Subclass by failing to formulate, manufacture, and sell the Products to satisfy that warranty.

81.     Plaintiff and members of both the California Subclass and California Consumer Subclass paid a premium price for the Products but did not obtain the full

**CLASS ACTION COMPLAINT**

value of the Products as represented.  If Plaintiff and members of both the California Subclass and California Consumer Subclass had known of the true nature of the Products, they would not have purchased the Products or would not have been willing to pay the premium price associated with the Products.

82.    As a result, Plaintiff and members of both the California Subclass and California Consumer Subclass suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty,**
**California Commercial Code § 2314**
***(for the California Subclass and California Consumer Subclass)***

83.    Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set forth herein.

84.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendants.

85.    California Commercial Code § 2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Cal. Comm. Code § 2314(1).

86.    Furthermore, California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least… [c]onform to the promises or affirmations of fact made on the container or label if any."  Cal. Comm. Code § 2314(2)(f).

87.    Defendants are merchants with respect to the sale of dietary supplements, including the Products.  Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

88.    In representing on the label that the Products are "Complete" multivitamin supplements, Defendants have provided a promise or affirmation of fact to California

**CLASS ACTION COMPLAINT**

1   consumers, that the Products contain all the vitamins.

2     89. However, the Products do not contain the Missing Vitamins.

3     90. Therefore, Defendants have breached their implied warranty of

4   merchantability regarding the Products.

5     91. If Plaintiff and members of both the California Subclass and California

6   Consumer Subclass had known that the Products did not conform to Defendants'

7   promise or affirmation of fact, they would not have purchased the Products or would

8   not have been willing to pay the premium price associated with Products.  Therefore,

9   as a direct and/or indirect result of Defendants' breach, Plaintiff and members of both

10  the California Subclass and California Consumer Subclass have suffered injury and

11  deserve to recover all damages afforded under the law.

12

13       **SIXTH CLAIM FOR RELIEF**
         **Common Law Fraud**

14       (*for the Classes*)

15    92. Plaintiff repeats the allegations contained in paragraphs 1-44 above as if

16  fully set forth herein.

17    93. Plaintiff brings this claim individually and on behalf of the members of

18  the Classes against Defendants.

19    94. Defendants have willfully, falsely, and knowingly formulated the

20  Products without the Missing Vitamins.  Despite the absence of the Missing Vitamins,

21  however, Defendants have intentionally represented that the Products are "Complete"

22  multivitamin supplements.  Therefore, Defendants have made an intentional

23  misrepresentation as to the Products.

24    95. Defendants' misrepresentations were material (i.e., the type of

25  misrepresentations to which a reasonable person would attach importance and would

26  be induced to act thereon in making purchase decisions), because they relate to the

27  composition of the Products.

28

**CLASS ACTION COMPLAINT**

96. Defendants knew or recklessly disregarded the fact that the Products did not in fact contain the Missing Vitamins.

97. Defendants intended that Plaintiff and other consumers rely on this representation, as the representation is made on the front panel of the Products' label.

98. Plaintiff and members of the Classes have reasonably and justifiably relied on Defendants' misrepresentation when purchasing the Products and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

99. Therefore, as a direct and proximate result of Defendants' fraud, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### Intentional Misrepresentation
*(for the Classes)*

100. Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set forth herein.

101. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

102. Defendants have marketed the Products in a manner indicating that the Products contain all the vitamins. However, the Products do not contain the Missing Vitamins. Therefore, Defendants have made a misrepresentation as to the Products.

103. Defendants' representation regarding the Products is material to a reasonable consumer because it relates to the composition of the Products purchased by the consumer. A reasonable consumer would attach importance to such representation and would be induced to act thereon in making purchase decisions.

**CLASS ACTION COMPLAINT**

104.   At all relevant times when such misrepresentation was made, Defendants knew that the representation was false and misleading, or have acted recklessly in making the representation and without regard to the truth.

105.   Defendants intended that Plaintiff and other consumers rely on the representation made about the Products, as the representation is made on the front panel of the Products' label.

106.   Plaintiff and members of the Classes have reasonably and justifiably relied on Defendants' intentional misrepresentation when purchasing the Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

107.   Therefore, as a direct and proximate result of Defendants' intentional misrepresentation, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF
### Negligent Misrepresentation
### (*for the Classes*)

108.   Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set forth herein.

109.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

110.   Defendants have marketed the Products in a manner indicating that the Products contains all the vitamins.  However, the Products do not contain the Missing Vitamins.  Therefore, Defendants have made a misrepresentation as to the Products.

111.   Defendants' representation regarding the Products is material to a reasonable consumer because it relates to the composition of the Products purchased

by consumers.  A reasonable consumer would attach importance to such representation and would be induced to act thereon in making purchase decisions.

112.   At all relevant times when such misrepresentation was made, Defendants knew or have been negligent in not knowing that that the representation was false and misleading. Defendants have no reasonable grounds for believing its representation was not false and misleading.

113.   Defendants intended that Plaintiff and other consumers rely on the representation made about the Products, as the representation is made on the front panel of the Products label.

114.   Plaintiff and members of the Classes have reasonably and justifiably relied on Defendants' negligent misrepresentation when purchasing the Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

115.   Therefore, as a direct and proximate result of Defendants' negligent misrepresentation, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
#### (*for the Classes*)

116.   Plaintiff repeats the allegations contained in paragraphs 1-44 above as if fully set forth herein.

117.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendants.

118.   As alleged herein, Defendants intentionally and recklessly made a misleading representation about the Products to Plaintiff and members of the Classes

**CLASS ACTION COMPLAINT**

to induce them to purchase the Products. Plaintiff and members of the Classes have reasonably relied on the misleading representation and have not received all of the benefits promised by Defendants. Plaintiff and members of the Classes therefore have been induced by Defendants' misleading and false representations about the Products, and paid for them when they would and/or should not have, or paid more money to Defendants for the Products than they otherwise would and/or should have paid.

119. Plaintiff and members of the Classes have conferred a benefit upon Defendants as Defendants have retained monies paid to them by Plaintiff and members of the Classes.

120. The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes – i.e., Plaintiff and members of the Classes did not receive the full value of the benefit conferred upon Defendants.

121. Therefore, it is inequitable and unjust for Defendants to retain the profit, benefit, or compensation conferred upon them without paying Plaintiff and the members of the Classes back for the difference of the full value of the benefit compared to the value actually received.

122. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct as alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a)     For an order certifying the Nationwide Class, the California Subclass, and the California Consumer Subclass, under Rule 23 of the Federal Rules of Civil

Procedure; naming Plaintiff as representative of all Classes; and naming Plaintiff's attorneys as Class Counsel to represent all Classes.

b)   For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

c)   For an order finding in favor of Plaintiff, and all Classes, on all counts asserted herein;

d)   For an order awarding all damages, including under the California Consumers Legal Remedies Act on behalf of the California Consumer Subclass, in amounts to be determined by the Court and/or jury;

e)   For prejudgment interest on all amounts awarded;

f)   For interest on the amount of any and all economic losses, at the prevailing legal rate;

g)   For an order of restitution and all other forms of equitable monetary relief;

h)   For injunctive relief as pleaded or as the Court may deem proper;

i)   For an order awarding Plaintiff and all Classes their reasonable attorneys' fees, expenses and costs of suit, including as provided by statute such as under California Code of Civil Procedure section 1021.5; and

j)   For any other such relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 22, 2017                    **FARUQI & FARUQI, LLP**

By: */s/ Benjamin Heikali*
Benjamin Heikali, Bar No. 307466
10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024
Telephone: 424.256.2884
Fax: 424.256.2885
E-mail: bheikali@faruqilaw.com

27

**CLASS ACTION COMPLAINT**

## **CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Camille Cabrera, declare as follows:

1.      I am the Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because I purchased the Products in this District and Defendants conduct a substantial amount of business in this District.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on November __17__, 2017 at Los Angeles, California.



_____

Camille Cabrera