1 Benjamin Heikali (SBN 307466)
*bheikali@faruqilaw.com*
2 Joshua Nassir (SBN 318344)
*jnassir@faruqilaw.com*
3 **FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
4 Los Angeles, California 90024
Telephone: 424.256.2884
5 Facsimile: 424.256.2885

NOTE: CHANGES MADE BY THE COURT

6 *Attorneys for Plaintiff Camille Cabrera*

7
8 Jonathan F. Cohn (*pro hac vice*)      Amy P. Lally (SBN (198555)
*jfcohn@sidley.com*                     *alally@sidley.com*
9 **SIDLEY AUSTIN LLP**                  **SIDLEY AUSTIN LLP**
1501 K Street, N.W.                      1999 Avenue of the Stars 17th Floor
10 Washington, D.C. 20005                 Los Angeles, CA 90067
Telephone: 202.736.8000                 Telephone: 310.595.9500
11 Facsimile: 202.736.8711               Facsimile: 310.595.9501

12 *Attorneys for Defendants*
*Bayer Healthcare LLC and Bayer Corporation*
13

14

15 **UNITED STATES DISTRICT COURT**

16 **CENTRAL DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| CAMILLE CABRERA, individually and on behalf of all others similarly situated, | Case No. 2:17-cv-08525 JAK (JPRx) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | [DISCOVERY MATTER] |
| BAYER HEALTHCARE LLC and BAYER CORPORATION, | |
| Defendants. | |

18
19
20
21
22
23
24
25
26
27
28

## 1. __PURPOSES AND LIMITATIONS__

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Camille Cabrera ("Plaintiff") and Defendants Bayer Healthcare LLC and Bayer Corporation ("Defendants", and collectively with Plaintiff, the "Parties") hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. __DEFINITIONS__

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to documents, tangible things, depositions, deposition exhibits, interrogatory responses, responses to requests for production of documents, responses to subpoenas, and admissions.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and (2) is not a current employee of a Party or of a Party's competitor, (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor, and (4) within the last 3 year(s) was not a past employee of a Party.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to documents where disclosure may cause competitive injury, social security numbers, and medical records.

2.8     House Counsel:  attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a party to this action, including their support staff and subcontractors.

2.11    Party:  any party to this action, including all of its officers, directors,

employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Privileged Material</u>:  material protected by the attorney-client privilege, work product doctrine, or other applicable privilege.

2.13 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.  **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) personal, medical, or financial information subject to federal or state privacy rights, including but not limited to information that is deemed confidential under Health Insurance Portability and Accountability Act ("HIPAA") statutes and/or regulations. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior

4

to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

Any Designating Party shall have the right to designate as "CONFIDENTIAL" any information, document, or thing that it is disclosing and that it believes in good faith constitutes, contains, embodies, discloses, or reflects trade secrets or other non-public and confidential technical, commercial, financial, personal, or business information, or other valuable information covered by a legitimate privacy right or interest, including but not limited to business plans; marketing plans and strategies; financial statements; product, customer, or market research; customer lists; business relationships; product testing, design, engineering, or specifications; sales volumes, pricing, profits, costs, or margins; credit card numbers, social security numbers; personal financial, or other personally sensitive information; and any other material that is confidential pursuant to applicable law. Any Designating Party shall also have the right to designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Confidential Information for which the Designating Party in good faith reasonably believes that disclosure

other than that as permitted pursuant to Section 7 of this Order may cause competitive injury to the Designating Party, or other serious harm.

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

6

contains protected material. To the extent practical, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. At the option of the Designating Party, materials may be produced for inspection before they are reviewed for privilege, work product, or other applicable privilege, pursuant to a "quick peek" agreement among the parties as contemplated by Fed. R. Civ. P. 26(f) and Fed. R. Evid. 502(d). There will be no waiver of privilege, work product, or other applicable privileges or objections in this or any other proceeding by virtue of an inspection of Discovery Materials that proceeds before they are reviewed for the existence of such privileges. There will also be no waiver of confidentiality by the inspection of Discovery Materials before they are copied and marked "Confidential" or "Highly Confidential" pursuant to this procedure. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. Any Discovery Materials designated for copying that are protected by privilege, work product, or other applicable privileges or objections may be removed

1  before copying, but shall be maintained by the Producing Party and described in a
2  privilege log conforming to the applicable federal rules.

3       (b)  for testimony given in deposition or in other discovery-related
4  proceedings, that the Designating Party identify on the record, before the close of
5  the deposition, hearing, or other proceeding, all protected testimony and specify the
6  level of protection being asserted. When it is impractical to identify separately each
7  portion of testimony that is entitled to protection and it appears that substantial
8  portions of the testimony may qualify for protection, the Designating Party may
9  invoke on the record (before the deposition, hearing, or other proceeding is
10 concluded) a right to have up to 21 days after receipt of the final transcript to
11 identify the specific portions of the testimony as to which protection is sought and to
12 specify the level of protection being asserted. Only those portions of the testimony
13 that are appropriately designated for protection within the 21 days shall be covered
14 by the provisions of this Stipulated Protective Order. Alternatively, a Designating
15 Party may specify, at the deposition or up to 21 days afterwards if that period is
16 properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or
17 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18      Parties shall give the other Parties notice if they reasonably expect a
19 deposition, hearing or other proceeding to include Protected Material so that the
20 other Parties can ensure that only authorized individuals who have signed the
21 "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those
22 proceedings. The use of a document as an exhibit at a deposition shall not in any
23 way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
24 ATTORNEYS' EYES ONLY."

25
26
27
28

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. If the 21 day period described above is invoked, the deposition transcript as to which the 21 day period applies shall be treated as "HIGHLY CONFIDENTIAL" until the 21 day period runs. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected within 21 days of discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Protected material, and any copies, extracts, or summaries thereof prepared is treated in accordance with the provisions of this Order.

## 6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality within 90 days after production. If the Receiving party needs an extension of time to challenge the designation of confidentiality past the 90 days, the Receiving Party must request a meet and confer within the 90 days to

1    discuss such extension.

2        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute

3    resolution process by providing written notice of each designation it is challenging

4    and describing the basis for each challenge. To avoid ambiguity as to whether a

5    challenge has been made, the written notice must recite that the challenge to

6    confidentiality is being made in accordance with this specific paragraph of the

7    Protective Order as well as Local Rule 37. The Parties shall attempt to resolve each

8    challenge in good faith and must begin the process by conferring directly (in voice to

9    voice dialogue; other forms of communication alone are not sufficient) within 10 days

10   of the date of service of notice. In conferring, the Challenging Party must explain the

11   basis for its belief that the confidentiality designation was not proper and must give

12   the Designating Party 14 days to review the designated material, to reconsider the

13   circumstances, and, if no change in designation is offered, to explain the basis for the

14   chosen designation. A Challenging Party may proceed to the next stage of the

15   challenge process only if it has engaged in this meet and confer process first or

16   establishes that the Designating Party is unwilling to participate in the meet and confer

17   process in a timely manner.

18        The Parties acknowledge and agree that this challenge procedure shall not be

19   used to gain any unfair tactical advantage in this case, such as through burdening a

20   Producing Party with unnecessary voluminous challenges. Any disputes in this

21   regard shall, after the required good faith meet-and-confer, be presented to the Court

22   under the Court's procedure for discovery disputes.

23        6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without

24   court intervention, the Receiving Party shall file and serve a motion challenging

25   confidentiality under Civil Local Rule 37 (and in compliance with Civil Local Rule

26   79-5.2.2(b), if applicable) within 21 days of the initial notice of challenge or within 14

27   days of the Parties agreeing that the meet and confer process will not resolve their

28   dispute, whichever is earlier. Each such motion must be accompanied by a competent

declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and Rule 37. Failure by the Receiving Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the right to challenge the confidentiality designation. In addition, the Designating Party may file a motion to retain confidentiality designation at any time consistent with the Court's scheduling order if there is good cause for doing so, including regarding a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph and Rule 37.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to oppose a motion to remove confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees and subcontractors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the named Plaintiff who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately

bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions or appointed by the Court.

(j) Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as partners, associate attorneys and staff of said Outside Counsel of Record who are actually assisting in the conduct of this litigation;

(b) the named Plaintiffs who have signed the Undertaking for Highly Confidential Information (Exhibit B);

(c) In-House Counsel of the Receiving Party who are not involved in competitive decision-making or research and development activities related to any products at issue in this Action, and who execute the Undertaking for Highly Confidential Information attached as Exhibit B and provide a copy of the executed Undertaking for Highly Confidential Information to all Parties' counsel, and the paralegals, assistants, and stenographic and clerical employees working under the direct supervision of such House Counsel.  No Discovery Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed to any such individual until at least 14 days have elapsed following written notice (via

email) to the Designating Party of the identity of the individual to whom disclosure will be made.  A fully executed copy of Exhibit B completed by the individual shall be included with said written notice.  If the Designating Party makes a written objection within the 14-day period, the Parties agree to meet and confer as to whether and what materials may be shown to the individual.  If the Parties cannot reach agreement, any Party may bring the issue to the Court for resolution under Local Rule 37.  Disclosure is prohibited until the Parties have either reached an agreement, or the Court has ruled on a motion;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the undertaking for Highly Confidential Information (Exhibit B).

(e) the court, including personnel necessary to assist the court in its function with regard to the Action;

(f) Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Except as provided in Section 7, counsel for the parties shall keep all Discovery Materials designated as "Confidential" or "Highly Confidential" that are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such Discovery Materials in a secure area and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Order.

## 8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation or administrative proceeding that compels disclosure of any information or items

14

designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" that Party shall, to the extent permitted by law:

(a) within 7 days, notify in writing the Designating Party. Such notification
shall include a copy of the subpoena or court order;

(b) within 7 days, notify in writing the party who caused the subpoena or
order to issue in the other litigation that some or all of the material covered by the
subpoena or order is subject to this Protective Order. Such notification shall include a
copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued
by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with
the subpoena or court order shall not produce any information designated in this
action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" before a determination by the court from which the subpoena or order
issued, unless the Party has obtained the Designating Party's permission. The
Designating Party shall bear the burden and expense of seeking protection in that
court of its confidential material – and nothing in these provisions should be construed
as authorizing or encouraging a Receiving Party in this action to disobey a lawful
directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a
Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" Such information produced by
Non-Parties in connection with this litigation is protected by the remedies and relief
provided by this Order. Nothing in these provisions should be construed as prohibiting
a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to

15

produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) within 7 days, notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons return all unauthorized copies, excerpts or summaries of Protected Material to execute the "Acknowledgment and Agreement to

16

Be Bound" that is attached hereto as Exhibit A.

**11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court provided the court so allows.   The inadvertent production of privileged or work-product doctrine protected documents, electronically stored information (ESI) or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**12.  MISCELLANEOUS**

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future, or by agreement by the parties. No stipulated change will have the force or effect of a court order absent the court's approval.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

17

disclosing or producing any information or item on any ground not addressed in this

Stipulated Protective Order. Similarly, no Party waives any right to object on any

ground to use in evidence of any of the material covered by this Protective Order.

      12.3   Filing Protected Material. Without written permission from the

Designating Party or a court order secured after appropriate notice to all interested

persons, a Party may not file in the public record in this action any Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Civil

Local Rule 79-5.2.2(b)-(c). Protected Material may only be filed under seal pursuant

to a court order authorizing the sealing of the specific Protected Material at issue.

**13.**    **NO EFFECT ON OTHER OBLIGATIONS OR PROTECTIONS**

      This Order shall not enlarge or affect the proper scope of discovery in this or

any other litigation, nor shall this Order imply that Confidential Information is

properly discoverable, relevant, or admissible in this or any other litigation.  Each

Party reserves the right to object to any disclosure of information or production of

any documents that the Producing Party designates as Confidential Information on

any other ground it may deem appropriate.  Neither the entry of this Order, nor the

designation of any Discovery Material as Confidential Information, nor the failure to

make such designation, shall constitute evidence with respect to any issue in this or

any other litigation.  The entry of this Order shall be without prejudice to the rights

of the parties, or any one of them, or of any non-party to assert or apply for

additional or different protection.

**14.**    **FINAL DISPOSITION**

      Within 60 days after the final disposition of this action, as defined in Section 4,

each Receiving Party must return all Protected Material to the Producing Party or

destroy such material. As used in this subdivision, "all Protected Material" includes

all copies, abstracts, compilations, summaries, and any other format reproducing or

capturing any of the Protected Material. Whether the Protected Material is returned or

destroyed, the Receiving Party must submit a written certification to the Producing

Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 29, 2018

**FARUQI & FARUQI, LLP**
Benjamin Heikali

By: */s/ Benjamin Heikali*
Benjamin Heikali
bheikali@faruqilaw.com
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: 424.256.2884
Facsimile: 424.256.2885

*Attorneys for Plaintiff Camille Cabrera*

Dated: March 29, 2018          **SIDLEY AUSTIN LLP**
                               Amy P. Lally

                               By: */s/ Amy P. Lally*
                               Amy P. Lally
                               alally@sidley.com
                               1999 Avenue of the Stars
                               17th Floor
                               Los Angeles, CA 90067
                               Telephone: 310.595.9500
                               Facsimile: 310.595.9501

                               *Attorneys for Defendants Bayer
                               Healthcare LLC and Bayer Corporation*

GOOD CAUSE APPEARING THEREFORE, IT IS ORDERED THAT the terms of

the Protective Order as described in the Stipulated Protective Order between

Plaintiff and Defendants are hereby entered as the order of the Court and will be

binding on the Parties and signatories to Exhibit A and Exhibit B to the Protective

Order.

    **IT IS SO ORDERED.**

Dated: April 2, 2018

_____
Hon. Jean P. Rosenbluth
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[date] in the case of _____ **[insert formal name of the case and the number**

**and initials assigned to it by the court]**. I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**EXHIBIT B**

**UNDERTAKING FOR HIGHLY CONFIDENTIAL INFORMATION**

I, _____, declare as follows:

      1.    My business address is

_____.

      2.    My present employer and the address of my present employer (if different from above) is

_____.

      3.    My present occupation or job description is

_____.  My job title is

_____.

      4.    I am not involved in competitive decision-making or research and development related to any products at issue in this dispute.

      5.    I have received a copy of the Stipulated Protective Order Regarding Confidentiality of Discovery Materials ("Protective Order") in the above-captioned action.

      6.    I have carefully read and understand the provisions of the Protective Order.

      7.    I agree to be bound by the terms of the Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**<u>ATTESTATION</u>**

2       I, Amy Lally, am the ECF User whose ID and password are being used to file

3  this document in accordance with Civil Local Rule 5-4.3.4, concurrence in the filing

4  of this document has been obtained from Benjamin Heikali, counsel for Plaintiff,

5  and I shall maintain records to support this concurrence for subsequent production

6  for this Court if so ordered or for inspection upon request by a party.

7

Dated:    March 29, 2018

8                                By:  */s/ Amy Lally*
9                                        Amy Lally

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28