UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-08525 JAK (JPRx) | Date | March 6, 2019 |
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS CLASS ACTION COMPLAINT (DKT. 26)**

### I.   Introduction

On November 22, 2017, Camille Cabrera ("Plaintiff"), individually and on behalf of all others similarly situated, brought this putative class action against Bayer HealthCare LLC ("Bayer Health") and Bayer Corporation ("Bayer Corp.") (collectively, "Defendants"). Complaint ("Compl."), Dkt. 1. Plaintiff alleges that Defendants have engaged in misleading business practices with respect to the marketing and sale of children's vitamin supplements. *Id.* ¶ 1. Plaintiff seeks to represent what are designated as a "Nationwide Class" and two "California Subclasses." *Id.* ¶¶ 32-34.

The Complaint advances nine causes of action: (i) violation of Cal. Civ. Code § 1750, *et seq.* (California's Consumers Legal Remedies Act ("CLRA")); (ii) violation of Cal. Bus. & Prof. Code § 17200, *et seq.* (California's Unfair Competition Law ("UCL")); (iii) violation of Cal. Bus. & Prof. Code § 17500, *et seq.* (California's False Advertising Law ("FAL")); (iv) violation of Cal. Com. Code § 2313 (breach of express warranty); (v) violation of Cal. Com. Code § 2314 (breach of implied warranty); (vi) common law fraud; (vii) intentional misrepresentation; (viii) negligent misrepresentation; and (ix) quasi contract/unjust enrichment/restitution. *Id.* at 1.

On January 26, 2018, Defendants filed a motion to dismiss ("Motion" (Dkt. 26)). Plaintiff filed an opposition. Dkt. 31. Defendants filed a reply. Dkt. 34. A hearing on the Motion was conducted on April 16, 2018, and the matter was taken under submission.

For the reasons stated in this Order, the Motion is **DENIED**.

### II.   Factual Background

#### A.   The Parties

Plaintiff is a citizen of California. Compl. ¶ 11. Bayer Corp. is incorporated in Indiana and has a principal place of business in New Jersey. *Id.* ¶ 12. Bayer Health is a Delaware LLC whose principal place of business is also in New Jersey. *Id.* ¶ 13. Defendants allegedly formulate, manufacture, label, market,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-08525 JAK (JPRx) | Date | March 6, 2019 |
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | |

distribute and sell nationwide and in California two multivitamin products designed for children: Flintstones™ Gummies Complete Children's Multivitamin Supplement and Flintstones™ Sour Gummies Complete Children's Multivitamin Supplement (collectively, the "Products"). *Id.* ¶¶ 12, 13, 19; Dkt. 26 at 9. It is alleged that Defendants distribute and sell a substantial amount of the Products in this District, that they maintain their U.S. headquarters for research and development in Berkeley, California, and that they are also present in more than 30 cities throughout California. Compl. ¶¶ 12-13.

      B.      Allegations in the Complaint

It is alleged that the Products are sold both in retail stores and online. Compl. ¶ 19. It is alleged that these sales are made through retailers and pharmacies including Target, Walgreens, CVS, Walmart and Amazon.com. *Id.* It is also alleged that each of the Products is marketed as a "complete" children's multivitamin supplement. *Id.* ¶ 20. According to the FDA, "[v]itamins are essential nutrients that contribute to a healthy life" and "[t]here are 13 vitamins that the body absolutely needs: vitamins A, C, D, E, K, and the B vitamins (thiamine, riboflavin, niacin, pantothenic acid, biotin, vitamin B-6, vitamin B-12 and folate)." *Id.* ¶ 14 (quoting *Fortify Your Knowledge About Vitamins*, FDA (Feb. 2009), https://www.fda.gov/ForConsumers/ConsumerUpdates/ucm118079.htm). It is alleged that the Products do not contain Vitamin K, Vitamin $B_1$ (thiamine), Vitamin $B_2$ (riboflavin), or Vitamin $B_3$ (niacin) (collectively, the "Missing Vitamins"). *Id.* ¶ 3. It is alleged that the Missing Vitamins are important to certain health needs and body functions, including blood clotting, bone health, energy metabolism and production, and digestion. *Id.* ¶¶ 15-18.

In March 2017, Plaintiff allegedly purchased the Product from a Target in Los Angeles County. *Id.* It is alleged that Plaintiff reasonably relied on the label's wording of "complete" in believing the Product contained "all the vitamins" when making this purchase. *Id.* ¶ 11. It also alleged that Plaintiff would not have made this purchase, or she would have paid significantly less for it, had she known that it did not contain the Missing Vitamins. *Id.* ¶¶ 5, 11. Plaintiff allegedly wants to continue purchasing the Products and is likely to do so, but only if they contain all of the vitamins. *Id.* She alleges that "absent an injunction, she will be unable to rely with confidence on Defendants' representations" and will not purchase the Products, even though she would like to. *Id.*

Plaintiff seeks to represent a Nationwide Class of "all persons in the United States, who within the relevant statute of limitations periods, purchased any of the Products." *Id.* ¶ 32. She also seeks to represent two subclasses. One is comprised of "all California residents, who within the relevant statute of limitations periods, purchased any of the Products." *Id.* ¶ 33. The other is defined as "all California residents, who within the relevant statute of limitations periods, purchased any of the Products for personal, family, or household purposes." *Id.* ¶ 34.

      C.      Request for Judicial Notice

Defendants seek judicial notice of the following:

| | | |
|---|---|---|
| Ex. A | | Supplement Facts portion of the Flintstones™ Gummies Complete Children's Multivitamin Supplement product label, as produced on the Defendants' website; |
| Ex. B | | Order Granting Motion to Dismiss, *Brady v. Bayer AG*, No. 16-839608 (Cal. Super. Ct. July 12, 2016); and |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08525 JAK (JPRx) | | Date | March 6, 2019 |
|---|---|---|---|---|
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | | |

Ex. C       Order Granting Motion to Dismiss, *Howard v. Bayer Corp.*, No. 10-CV-1662 (E.D. Ark. July 22, 2011).

Dkt. 27. Defendants filed a notice of errata in which they also provide a "full product label" to accompany the label version produced on their website and initially submitted as Exhibit A. *See* Dkt. 29.

"Although generally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint, a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff['s] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks and citations omitted).

Fed. R. Evid. 201(b) permits judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Court filings and other matters of public record are properly subject to judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Similarly, judicial notice of product labeling and packaging has been approved when a complaint expressly refers to them and their authenticity is not disputed. *See, e.g., Welk v. Beam Suntory Import Co.*, 124 F. Supp. 3d 1039, 1041-42; *Parent v. MillerCoors LLC*, No. 13-CV-1204, 2015 WL 6455752, at *3 (S.D. Cal. Oct. 26, 2015); *Hofmann v. Fifth Generation, Inc.*, 2015 WL 5440330, at *3 (S.D. Cal. Mar. 18, 2015).

Plaintiff did not object to these requests for judicial notice. The materials are either public records, referred to in the Complaint or material to the asserted causes of action. For these reasons, the requests for judicial notice are **GRANTED**.[1]

**III.     Analysis**

    A.     Personal Jurisdiction

        1.     Legal Standards

            a)     Overview

A party may move to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The party asserting jurisdiction bears the burden of establishing it. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003). If the court does not require an evidentiary hearing, a plaintiff need make only a prima facie showing of personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Boschetto*, 539 F.3d at 1015. However, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

---

[1] The Complaint contains several photographs of the labels of the Products labels that are the same as those versions provided by Defendants. *See* Compl. at 7-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08525 JAK (JPRx) | Date | March 6, 2019 |
|---|---|---|---|
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | |

To establish personal jurisdiction, a party must show both that the long-arm statute of the forum state confers personal jurisdiction over an out-of-state defendant, and that the exercise of jurisdiction would be consistent with federal due process requirements. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990). The California long-arm statute is coextensive with federal due process requirements. Cal. Code Civ. Proc. § 410.10; *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). Personal jurisdiction may be exercised over a nonresident party who has "minimum contacts" with the forum state, such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). Depending on the nature of the contacts between such a party and the forum state, personal jurisdiction may be general or specific.

          b)      General Jurisdiction

General jurisdiction is established when a defendant's contacts with the forum state are "'so continuous and systematic' as to render [it] essentially at home in the forum state." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (citing *Daimler*, 134 S. Ct. at 760). "The exercise of general jurisdiction is not limited to these forums; in an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 134 S. Ct. at 761 n.19). Where there is general jurisdiction, a party may "be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801.

          c)      Specific Jurisdiction

A person who is not subject to general jurisdiction may still be subject to jurisdiction in actions that arise from that person's specific forum-related activities. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). The Ninth Circuit has established a three-part test for determining specific jurisdiction:

> (1) the defendant must purposefully avail himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
>
> (2) the claim must arise out of or result from the defendant's forum-related activities; and
>
> (3) exercise of jurisdiction must be reasonable.

*Id.*; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). The party asserting jurisdiction bears the burden of satisfying the first two prongs of this test. *Schwarzenegger*, 374 F.3d at 802. If it does so, then the burden shifts to the party contesting jurisdiction to "present a compelling case" that the third prong of reasonableness has not been satisfied. *Id.*

The first element of the test for specific jurisdiction may be satisfied "by either purposeful availment or purposeful direction, which, though often clustered together under a shared umbrella, 'are, in fact, two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-08525 JAK (JPRx) | Date | March 6, 2019 |
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | |

distinct concepts.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006)). Courts generally apply the purposeful availment analysis in connection with contract claims and the purposeful direction analysis in tort actions. *Schwarzenegger*, 374 F.3d at 802. "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum. Evidence of direction generally consists of action taking place outside the forum that is directed at the forum." *Pebble Beach*, 453 F.3d at 1155 (citation omitted).

     d)  *Bristol-Meyers Squibb Co. v. Superior Court*

In *Bristol-Meyers*, a nationwide group of consumers brought a products liability action in the San Francisco Superior Court against a prescription drug manufacturer. Plaintiffs there asserted various state law claims based on injuries allegedly caused by a drug produced and sold by the manufacturer. 137 S. Ct. 1773, 1777 (2017). The manufacturer, which was incorporated in Delaware and headquartered in New York, argued that the Superior Court lacked specific jurisdiction as to the claims of non-resident plaintiffs. *Id.* The Superior Court concluded that it had such specific jurisdiction, and the California Court of Appeal and California Supreme Court affirmed. *Id.* at 1778. In so doing, the California Supreme Court applied a "sliding scale approach" to specific jurisdiction, in which "the more wide ranging the defendant's forum contacts, the more readily is shown a connection between the forum and the defendant." *Id.*

The U.S. Supreme Court rejected this approach and concluded that the Superior Court lacked specific jurisdiction over the non-resident claims. The basis for this decision was that there was no "connection between the forum and specific claims at issue." *Id.* at 1783-84. There was no "adequate link" between California and the nonresidents' claims when "the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." *Id.* at 1781. The mere fact that other plaintiffs "were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents"—did not allow California to "assert specific jurisdiction over the nonresidents' claims." *Id.*

*Bristol-Meyers* expressly states it "concerns the due process limits on the exercise of specific jurisdiction by a State" and that it therefore "leave[s] open the question of whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1783-84.

   2.  <u>Application</u>

     a)  General Jurisdiction

Defendants contest general jurisdiction in California. The Complaint contains certain allegations as to their presence here, including that they have "maintained substantial distribution and sales in this District," a "headquarters for research and development" in California, and "a presence in over 30 cities in California." Compl. ¶ 13. However, Plaintiff does not specifically contend that Defendants are subject to general jurisdiction in California. Such an argument would not be persuasive. None of the Defendants is incorporated in California, and none has its principal place of business here. *See id.* ¶¶ 12-13. Nor are the facts presented sufficient to show that this is an "exceptional case" that would warrant the finding of general personal jurisdiction. An "exceptional case" was presented in *Daimler* is *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-49 (1952). There, a mining company in the Philippines temporarily

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08525 JAK (JPRx) | Date | March 6, 2019 |
|---|---|---|---|
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | |

moved its principal place of business to Ohio during World War II because its mines had been occupied by Japanese military forces. No similar facts have been alleged or shown here. For these reasons, Plaintiff has not established that there is general jurisdiction over Defendants in California.

        b)      Specific Jurisdiction

Defendants argue that they are not subject to specific jurisdiction in California with respect to claims by non-Californians who purchased the Products outside of California. Dkt. 26 at 17.[2] Defendants contend that *Bristol-Myers* supports their position that "there is no personal jurisdiction over non-resident purchasers for sales outside California" and that "the majority of federal district courts agree" with this characterization. Dkt. 34 at 7. Plaintiff argues that the specific jurisdiction limitations set forth in *Bristol-Myers* do not apply either to federal courts or to class actions. Dkt. 31 at 26.

        (1)      <u>Whether *Bristol-Meyers* Applies to Federal Courts</u>

As noted, *Bristol-Meyers* expressly stated that it remained an open question whether the limitations in the Fourteenth Amendment on the exercise of specific jurisdiction by state courts are also present in the Fifth Amendment so that the same limitations apply to claims brought in federal courts. 137 S. Ct. at 1783-84. The Ninth Circuit has not addressed this question.

Several district courts have applied *Bristol-Meyers* in dismissing claims by non-resident plaintiffs, but without deciding the question left open in that decision. *See, e.g.*, *In re Samsung Galaxy Smartphone Marketing & Sales Practices Litigation*, No. 16-CV-6391-BLF, 2018 WL 1576457 (N.D. Cal. Mar. 30, 2018); *Dyson v. Bayer Corp.*, No. 17-CV-2584-SNLJ, 2018 WL 534375, at *4-5 (E.D. Mo. Jan. 24, 2018); *Jordan v. Bayer Corp.*, No. 17-CV-865-CEJ, 2017 WL 3006993, at *3 (E.D. Mo. July 14, 2017); *Turner v. Boehringer Ingelheim Pharms, Inc.*, 2017 WL 3310696, at *2 (E.D. Mo. Aug. 3, 2017); *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017); *Spratley v. FCA US LLC*, 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017); *McDonnell v. Nature's Way Products, LLC*, No. 16-CV-5011, 2017 WL 4864910, at *4 (N.D. Ill. Oct. 26, 2017); *Wenokur v. AXA Equitable Life Ins. Co.*, No. 17-165-PHX-DLR, 2017 WL 4357916 (D. Ariz. Oct. 2, 2017); *see also LDGP, LLC v. Cynosure, Inc.*, No. 15-CV-50148, 2018 WL 439122, at *2 n.2 (N.D. Ill. Jan. 16, 2018) (acknowledging this open question but summarily concluding that "*Bristol-Meyers* applies here" because "the court is exercising diversity jurisdiction and looking to [state] law"). These cases do not analyze or discuss the applicability of *Bristol-Meyers* in federal court, but presume it. Although there are several decisions, they do not analyze the open question.

Other district courts have addressed the substantive issue. *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.* concluded that *Bristol-Meyers* applies to federal courts when they are sitting in diversity jurisdiction. No. 17-CV-00564 NC, 2017 WL 4224723, at *4 (N.D. Cal. Sept. 22, 2017). *Fitzhenry* reasoned that, in *Bristol-Meyers*, one of the "interests at issue in determining if personal jurisdiction lay in California [was] the burden on the defendant," which includes "practical problems resulting from litigating in the forum" and "the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question," but that "these concerns do not disappear because the

---

[2] Defendants concede that specific jurisdiction is proper as to Plaintiff's claims or those of other California residents. Dkt. 26 at 16-17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08525 JAK (JPRx) | Date | March 6, 2019 |
|---|---|---|---|
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | |

case is removed" and "the substantive law of California applies." *Id.* (quoting *Bristol-Meyers*, 137 S. Ct. at 1780). *Fitzhenry* concluded that "[i]t is hard to see how California's 'coercive power' would not be exerted if the Court is applying solely California law . . . the way a state trial court would." *Id.* (citing *Erie R.R. Co. v. Tomkins*, 304 U.S. 64 (1938)).

*Molock v. Whole Foods Mkt., Inc.*, No. 16-CV-2483-APM, 2018 WL 1342470 (D.D.C. Mar. 15, 2018), recognized that courts often "appl[y] Fourteenth Amendment personal jurisdiction standards in Fifth Amendment cases," especially when the "federal court sits in diversity and assesses state law claims." *Id.* at *5. *Molock* observed that, although forum shopping concerns are not as significant in federal proceedings, the personal jurisdiction inquiry arises from concerns about "fairness to the defendant," an issue that is not dependent on whether the proceeding is pending in a state or federal court. *Id.* It concluded that *Bristol-Meyers* applied when a federal court sits in diversity. *Id.* *Maclin v. Reliable Reports of Texas, Inc.*, No. 17-CV-2612, 2018 WL 1468821 (N.D. Ohio Mar. 26, 2018), concluded that *Bristol-Meyers* applied to federal courts in federal question matters because "the Court cannot envisage that the Fifth Amendment Due Process Clause would have any more or less effect on the outcome respecting [Fair Labor Standards Act] claims than the Fourteenth Amendment Due Process Clause." *Id.* at *4.

Other district courts have reached contrary results. *Sloan v. General Motors LLC* concluded that the "categorical extension" of the holding in *Bristol-Meyers* to federal courts when presiding over federal question matters is not warranted because "*Bristol-Meyers* was animated by unique interstate federalism concerns." No. 16-CV-7244-EMC, 2018 WL 784049, at *6 (N.D. Cal. Feb. 7, 2018). *Sloan* determined that the *Bristol-Meyers* "due process analysis encompasses the question of state sovereignty" and this analysis therefore "differs fundamentally when a case is pending in federal court and no such concerns are raised." *Id.* (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 10 (1982) (discussing "the requirement of personal jurisdiction, as applied to state courts")). *Sloan* concluded that the analysis in *Bristol-Meyers* "focused exclusively on the unfairness of submitting [the defendant] to the jurisdiction to a foreign sovereign (California) with respect to claims having no independent connection to that sovereign." *Id.* at *7. Thus, *Sloan* reasoned that the due process right at issue in a federal action is different because all federal courts are instruments of the nation, and there is no risk of a defendant being subjected to the coercive power of a "foreign sovereign." *Id.* *Sloan* then concluded that, because no interstate federalism concerns apply in a federal question case, *Bristol-Meyers* does not apply. *Id.* *Sloan* expressly stated that it did "not address whether and how *Bristol–Myers* would apply if jurisdiction arose exclusively on the basis of diversity." *Id.* at *7 n.2. *In re Chinese-Manufactured Drywall Products Liability Litigation*, No. 09-CV-2047, 2017 WL 5971622 (E.D. La. Nov. 30, 2017), addressed this question and concluded that *Bristol-Meyers* did not apply to federal courts sitting in diversity jurisdiction. *Id.* at *19-21. This conclusion was also based on the determination that *Bristol-Meyers* was based on concerns of federalism and state sovereignty, which had less force in proceedings in federal courts. *Id.*

There is persuasive authority on both sides of this issue. However, even assuming that *Bristol-Meyers* applies, the outcome here is unchanged.

(2) <u>Whether *Bristol-Meyers* Applies to Class Actions</u>

*Bristol-Meyers* was a mass tort action, not a class action. As Justice Sotomayor stated in her dissenting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-08525 JAK (JPRx) | Date | March 6, 2019 |
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | |

opinion, "[t]he Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." 137 S. Ct. at 1789 n.4 (Sotomayor, J., dissenting) (citing *Devlin v. Scardelletti*, 536 U.S. 1, 9-10 (2002)). The Ninth Circuit has not yet addressed this question.

Several courts have concluded that *Bristol-Meyers* applies to class actions and compels the dismissal of non-resident unnamed plaintiffs whose injuries do not "arise out of or relate to" a defendant's contacts with the forum. *McDonnell* acknowledged that "these individuals are not named plaintiffs" as they were in *Bristol-Meyers*, but nonetheless concludes that "the analysis in *Bristol-Meyers* is instructive in considering whether the Court has personal jurisdiction" over the claims on behalf of out-of-state plaintiffs. 2017 WL 4864910, at *4. *In re Dental Supplies Antitrust Litigation* reasoned that "[t]he constitutional requirements of due process does not wax and wane when the complaint is individual or on behalf of a class," and that "[p]ersonal jurisdiction in class actions must comport with due process just the same as any other case." 2017 WL 4217115, at *9. *Wenokur v. AXA Equitable Life Ins. Co.*, No. 17-165-PHX-DLR, 2017 WL 4357916 (D. Ariz. Oct. 2, 2017), concluded that the court there "lack[ed] personal jurisdiction over the claims of putative class members with no connection to Arizona," without explaining the basis for applying *Bristol-Meyers* in the class action setting. *Id.* at *4 n.4. Other courts have dismissed claims of non-resident *named* plaintiffs in putative class actions without deciding whether *Bristol-Meyers* would also apply to unnamed plaintiffs. *See, e.g.*, *Sprately*, at *7; *In re Samsung Galaxy Smartphone Marketing & Sales Practices Litigation*, No. 16-CV-6391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018); *Molock v. Whole Foods Mkt, Inc.*, No. 16-CV-2483-APM, 2018 WL 1342470, at *5-6 (D.D.C. Mar. 15, 2018).

Other district courts have concluded that *Bristol-Meyers* does not apply to class actions.[3] *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, No. 17-CV-00564 NC, 2017 WL 4224723, at *3 (N.D. Cal. Sept. 22, 2017), "consider[ed] the difference between a class action and a mass tort action" and concluded that *Bristol-Myers* does not apply to a class action. *Id.* at *5. One difference is that each plaintiff in a mass tort action is named as a plaintiff, making each is "a real party in interest." In a putative class action only the proposed class representatives are actually named on the complaint. *Id.* *Fitzhenry* noted that the Supreme Court has recognized that "[n]onnamed class members . . . may be parties for some purposes and not for others" because "[t]he label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context." *Id.* (quoting *Devlin v. Scardelletti*, 536 U.S. 1, 9-10 (2002)). *Fitzhenry* reasoned that the procedural rules identified in *Devlin* "all dealt with promoting expediency in class action litigation." *Id.* The court then concluded that it was appropriate not to classify the non-named plaintiffs as parties. *Id.* Accordingly, it

---

[3] There is also disagreement across district courts as to whether *Bristol Meyers* applies in the analogous context of a collective action under the Fair Labor Standards Act ("FLSA"). *Swamy v. Title Source, Inc.*, No. 17-CV-1175-WHA, 2017 WL 5196780 at *2 (N.D. Cal. Nov. 10, 2017), concluded that *Bristol-Meyers* does not apply to an FLSA collective action. *Swamy* reasoned that "[u]nlike the [state law] claims at issue in *Bristol-Meyers*," it was presented with "a federal claim created by Congress specifically to address employment practices nationwide." *Id.* Under the FLSA, employees can bring claims on behalf of others who are "similarly situated," and *Swamy* concluded that the statute "in no way limited those claims to in-state plaintiffs." *Id.* *Swamy* reasoned that extending *Bristol-Meyers* to the FLSA collective action "would splinter most nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficacy of FLSA collective actions as a means to vindicate employees' rights." *Id.* *Maclin* acknowledged the reasoning in *Swamy* but nonetheless concluded that it would "not limit the holding in *Bristol-Meyers* to mass tort claims" only. 2018 WL 1468821, at *4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08525 JAK (JPRx) | Date | March 6, 2019 |
|---|---|---|---|
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | |

determined that *Bristol-Meyers* should not be "extended to the class action context on these facts." *Id.*

Several other courts have reached similar conclusions in detailed opinions. *See, e.g.*, *Personal Allen v. ConAgra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2018 WL 6460451, at *4-7 (N.D. Cal. Dec. 10, 2018); *In re Chinese-Manufactured Drywall Products Liability Litigation*, No. 09-CV-2047, 2017 WL 5971622, at *18-22 (E.D. La. Nov. 30, 2017); *Casso's Wellness Store & Gym LLC v. Spectrum Lab. Prods., Inc.*, No. 17-2161, 2018 WL 1377608, at *5 (E.D. La. Mar. 19, 2018); *Molock v. Whole Foods Mkt, Inc.*, No. 16-CV-2483-APM, 2018 WL 1342470, at *5-6 (D.D.C. Mar. 15, 2018); *Feller v. Transamerica Life Ins. Co.*, No. 16-CV-1378-CAS-AIW, 2017 WL 6496803, at *17 (C.D. Cal. Dec. 11, 2017); *In re Morning Song Bird Food Litig.*, No. 12-CV-1592-JAH-AGS, 2018 WL 1382746, at *5 (S.D. Cal. Mar. 19, 2018).

The decisions concluding that *Bristol-Meyers* does not apply in the class action context are more persuasive. The significant distinctions between a class action and a mass tort action warrant this outcome. Each plaintiff in a mass tort action is a real party in interest, while the named plaintiffs in a putative class action are the only ones actually named, and represent similarly situated persons. It is well-settled that an individual is not considered a party in every factual or legal setting. *See Devlin*, 536 U.S. at 9-10. "While the claims of the non-resident named plaintiffs were pertinent to the issue of specific jurisdiction in *Bristol-Myers*, 'claims of unnamed class members are irrelevant to the question of specific jurisdiction'" under this same principle. *In re Morning Song Bird Food Litig.*, 2018 WL 1382746, at *5 (quoting *AM Trust v. UBS AG*, 78 F. Supp. 3d 977, 986 (N.D. Cal. 2015)). Moreover, Fed. R. Civ. P. 23 imposes additional due process safeguards on class actions, *i.e.*, numerosity, commonality, typicality, adequacy of representation, predominance and superiority, that do not exist in the mass tort context. *See In re Chinese-Manufactured Drywall Products Liability Litigation*, 2017 WL 5971622, at *14.

*Bristol-Meyers* left open the issue whether the claims of unnamed putative class members must be considered as part of the analysis of personal jurisdiction. For the foregoing reasons, not doing so is warranted. Therefore, the Motion is **DENIED** as to the claimed lack of personal jurisdiction over claims by non-resident unnamed plaintiffs.

      B.      Fed. R. Civ. 12(b)(6)

           1.      <u>Legal Standards</u>

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08525 JAK (JPRx) | Date | March 6, 2019 |
|---|---|---|---|
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | |

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may move to dismiss for failure to state a claim. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

    2.    Application

        a)    CLRA, UCL and FAL: First, Second and Third Causes of Action

            (1)    Legal Standards

To state a claim under the CLRA, UCL and FAL, a complaint must plausibly allege that the labeling and packaging of a product was "'false or misleading' to the reasonable consumer." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). To meet this standard, the allegations must be sufficient as to whether "members of the public are likely to be deceived" by the labeling and packaging. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). The allegations must present more than "a mere possibility" that the labeling "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Ebner*, 838 F.3d at 965 (quoting *Lavie v. Proctor & Gamble Co.*, 105 Cal. App. 4th 496 (2003)). Instead, they must plausibly allege "a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (quoting *Lavie*, 105 Cal. App. 4th at 508). Only in very unusual circumstances, the question "whether the packaging as a whole was deceptive is a question of fact that cannot be resolved on a motion to dismiss." *Zakaria v. Gerber Products Co.*, No. 15-200-JAK, 2015 WL 3827654, at *8 (C.D. Cal. 2015). Dismissal is appropriate only where it would be "impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived" based on what is alleged. *Williams*, 552 F.3d at 939.

*Ebner v. Fresh, Inc*. affirmed a decision that dismissed an action on the ground that the plaintiff there could not "plausibly allege that the omission of supplemental disclosures about the product's weight rendered [the product's label] false or misleading to the reasonable consumer." 838 F.3d at 965. The basis for this determination was that the label included a legible disclosure about its weight. *Id.* Further, the disclosure did not "contradict other representations or inferences" on the packaging, and there were "no other words, pictures, or diagrams adorning the packaging, as there were in *Williams*, from which *any* inference could be drawn or on which *any* reasonable belief could be based about" the weight of the product. *Id.* at 966.

            (2)    Application

The Complaint alleges that the labels of the Products are false and misleading because they state that the Products are "Complete" multivitamins, but do not contain the Missing Vitamins. Compl. ¶¶ 13, 14. It then alleges that these are considered among the "13 vitamins that the body absolutely needs." *Id.* It

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08525 JAK (JPRx) | Date | March 6, 2019 |
|---|---|---|---|
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | |

alleges that this representation is false because a vitamin supplement is not "complete" if it lacks certain vitamins that the "body absolutely needs." It is alleged that a reasonable consumer would assume that a "complete" vitamin would include all pertinent vitamins, especially those considered among those "that the body absolutely needs." The Complaint further alleges that the ingredient list set forth in the Supplement Facts portion of the label does not expressly state that any of the Missing Vitamins is not included in the Products. Compl. ¶¶ 23-27. Accordingly, the Complaint alleges that, even if a reasonable consumer were to review the Supplement Facts portion of the label, he or she would not have any reason to know or suspect that the Products did not have all appropriate vitamins. *Id.* Defendants argue that the term "complete" is not, in ordinary usage or in this application, interchangeable with "all," as Plaintiff suggests. Defendants add that no reasonable consumer would assume that a "complete" multivitamin contains all vitamins. Further, they argue that the Supplement Facts portion of the label clearly discloses which vitamins are in the Products.

*Ebner* recognized that a motion to dismiss based on allegations of misleading product labeling may be granted if a disclosure on the product concerning the challenged language does not "contradict other representations or inferences" on the labeling, and if there were "no other words, pictures, or diagrams adorning the packaging . . . from which *any* inference could be drawn or on which *any* reasonable belief could be based about" the characteristic of the product. 838 F.3d at 966. However, the allegations of the Complaint are sufficient to state a claim that the word "Complete" on the labeling could give rise to a reasonable inference or belief that the Product contains "all" vitamins, or at least "all" vitamins considered essential by the FDA. The effect of the disclosures on the Supplement Facts label cannot be determined as a matter of law on the present record.

For the foregoing reasons, the Motion is **DENIED** as to the first, second and third causes of action.

    b)  Breach of Express Warranty: Fourth Cause of Action

"In order to plead a cause of action for breach of express warranty, one must allege the exact terms of the warranty, plaintiff's reasonable reliance thereon, and a breach of that warranty which proximately causes plaintiff injury." *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (Cal. Ct. App. 1986). Defendants argue that the claim for breach of express warranty fails for the same reasons the CAL, CLRA and UCL claims are deficient. Thus, they contend that any suggestion that the Products purport to include "all" vitamins by stating they are "complete" is inconsistent with, and addressed by the list of contents in the Supplement Facts portion of the label. Defendants argue that the labels cannot be expected to list all vitamins that are not included in the Products. Defendant's arguments are not persuasive for the same reasons discussed above. It cannot be determined as a matter of law, that the information in the Supplement Facts portion of the label sufficiently disclaims the "complete" representation on the front of the label. The list of certain vitamins in the Supplement Facts section does not expressly disclaim the "complete" representation. Thus, it is not apparent from the entire content of the label that the listed ingredients do not constitute a "complete" set of vitamins. For these reasons, the Motion is **DENIED** as to the fourth cause of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08525 JAK (JPRx) | Date | March 6, 2019 |
|---|---|---|---|
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | |

    c)  Breach of Implied Warranty: Fifth Cause of Action

      (1)  <u>Legal Standards</u>

"Unless excluded or modified . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Commercial Code § 2314. To be merchantable, it is required, *inter alia*, that they "[c]onform to the promises or affirmations of fact made on the container or label if any." *Id.* § 2314(2)(f). "Unlike express warranties, which are contractual in nature, the implied warranty of merchantability arises by operation of law." *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 895-96 (C.D. Cal. 2013). "Under California law, a party raising claims for breach of implied warranty must establish that 'vertical contractual privity' exists between plaintiff and defendant." *Roberts v. Electrolux Home Prods., Inc.*, 2013 WL 7753579, at *9 (C.D. Cal. Mar. 4, 2013) (citing *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) ("A lack of vertical privity requires the dismissal of [plaintiff's] implied warranty claims.")). However, privity of contract is not required when an implied warranty claim relates to substances intended for human consumption. *See Mexicali Rose v. Super. Ct.*, 1 Cal. 4th 617, 621 (1992) ("foodstuffs do not fall within the general rule of privity between the manufacturer and the consumer, even though the purchase is made through a retailer") (citing *Klein v. Duchess Sandwich Co.*, 14 Cal. 2d 272 (1939)).

      (2)  <u>Application</u>

Defendants argue that this claim should be dismissed because the Complaint fails adequately to allege each of the following: (i) privity of contract with Defendants; (ii) Plaintiff was an intended third-party beneficiary of any warranty made to a retailer; or (iii) the existence of any agreement or contract between Defendants and retailers.

Privity is not required when the claim relates to food or other substances intended for consumption by consumers. *See Mexicali Rose*, 1 Cal. 4th at 621. Although the Complaint does not set forth such allegations in clear and unambiguous language, they are readily inferred from the allegations of the Complaint. For the foregoing reasons, the Motion is **DENIED**, as to the breach of implied warranty claim.

    d)  Common Law Claims: Six, Seventh, Eighth and Ninth Causes of Action

The Complaint also advances claims for fraud, intentional misrepresentation, negligent misrepresentation and quasi-contract, unjust enrichment and restitution. Compl. ¶¶ 92-122. Defendants argue that these claims fail because no reasonable person would be deceived by the labeling on the Products. However, as stated above, this cannot be determined as a matter of law based on the present record. Defendants also argue that these claims "are all just plead as 'recitation[s] of the elements of a cause of action' and are certainly not stated with any 'particularity.'" Dkt. 26 at 16 (first quoting *Ashcroft*, 556 U.S. at 678; and then quoting Fed. R. Civ. P. 9(b)). However, Defendants have not identified any new grounds for this position*, i.e.,* any other allegations that they contend to be deficient in that they lack specificity.

For these reasons, the Motion is **DENIED** as to the claims for fraud, intentional misrepresentation, negligent misrepresentation and quasi-contract, unjust enrichment or restitution.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-08525 JAK (JPRx) | Date | March 6, 2019 |
|---|---|---|---|
| Title | Camille Cabrera v. Bayer Healthcare, LLC, et al. | | |

**IV.     Conclusion**

For the reasons stated in the Order, the Motion is **DENIED**. Defendants shall file a response to the Complaint no later than March 20, 2019.

**IT IS SO ORDERED.**

                                                                                               :
                                                              Initials of Preparer     ak