Benjamin Heikali (SBN 307466)
bheikali@faruqilaw.com
Joshua Nassir (SBN 318344)
jnassir@faruqilaw.com
FARUQI & FARUQI, LLP
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: 424.256.2884
Facsimile: 424.256.2885

*Attorneys for Plaintiff Sonnetta Woods*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CAMILLE CABRERA, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

BAYER HEALTHCARE LLC and BAYER CORPORATION,

Defendants.

Case No. 2:17-cv-08525 JAK (JPRx)

**DECLARATION OF BENJAMIN HEIKALI IN SUPPORT OF PLAINTIFF'S SUBMISSION FOR THE JOINT STIPULATION RE: DEFENDANTS' MOTION TO COMPEL AND OTHER RELIEF**

**DISCOVERY MATTER**

Hearing Date: January 2, 2020.
Hearing Time: 10:00 a.m.
Hon. Jean P. Rosenbluth
Courtroom: 690, 6th Floor

Fact Discovery Cut Off: May 20, 2019
Pre-Trial Conference Date: N/A
Trial Date: N/A

I, Benjamin Heikali, declare as follows:

1. I am an attorney at law duly licensed and entitled to practice in the State of California, appearing in the above captioned matter. I am a partner at Faruqi & Faruqi, LLP, which is counsel of record for Plaintiff Sonnetta Woods ("Plaintiff") in the above-captioned action against Defendant Bayer Healthcare LLC and Defendant Bayer Corporation (collectively, "Defendants"), jointly referred to as the parties ("Parties"). I have personal knowledge of the facts set forth in this Declaration and am competent to testify to the same. The matters set forth herein are true and correct to the best of my knowledge and belief.

2. I make this declaration in support of Plaintiff's Submission for the Joint Stipulation Re: Defendants' Motion To Compel And Other Relief.

3. On September 16, 2019, Defendants served Plaintiff with Interrogatories and Document Requests.

4. Plaintiff served her discovery responses on October 16, 2019.

5. Despite being put on advance notice on three separate occasions that Plaintiff had objected based on relevance and noted her withholding of documents and materials, Defendants failed to follow up on or otherwise respond to Plaintiff's relevance objections and, more specifically, Plaintiff's appropriate and explicit withholding of documents.

6. Had Defendants followed up, I would have been more than willing to meet and confer with Defendants to thoroughly explain Plaintiff's objections and note which documents she was withholding.

7. Over a month after being put on notice, during the deposition of Plaintiff, Defendants finally learned that they had overlooked Plaintiff's compliance with the Federal Rules of Civil Procedure. After the deposition, Defendants immediately demanded that Plaintiff Woods produce all documents regarding other dietary supplements purchased.

8. During the deposition, Defendants also learned for the first time that Plaintiff had come into contact with Plaintiff's counsel after viewing a Facebook advertisement and filling out an online intake questionnaire. Therefore, after the deposition, Defendants demanded production of the Facebook advertisement, the online questionnaire, all responses to the questionnaires, and sought to re-depose Plaintiff on her initial intake call with Plaintiff's counsel.

9. Counsel for the Parties have met and conferred extensively about several discovery disputes raised by Defendants after the deposition.

10. During the meet and confer process about documents regarding other dietary supplements purchased, I pointed Defendants to their repeated neglection of Plaintiff's proper objections and withholding of documents in her discovery responses. I also referred Defendants to the fact that they had made a substantially similar relevance objection earlier and had redacted and/or withheld tens of thousands of documents about competitor products, as well as documents about other Bayer multivitamin products. Attached hereto as **Exhibit 1** is a true and correct copy of Defendants' Response to Plaintiffs' Request for Production of Documents, Set One, in which Defendants make a similar relevance objection. *See* General Objection No. 8.

11. Neither I, nor my colleague Reza Rezvani, who also attended the deposition, coached or otherwise discussed the substance of Plaintiff's testimony with her during the deposition breaks.

12. During the meet and confer process, I offered to provide a declaration from myself and from Plaintiff, attesting to the fact that there was no witness coaching during the deposition breaks. A true and correct copy of the email in which I offered to provide the declarations is attached hereto as **Exhibit 2**.

13. By email response the same day, counsel for Defendants rejected my proposal, stating "that simply does not cure the issue…we want to hear Ms. Woods's words, not yours." A true and correct copy of the email response from counsel for Defendants is attached hereto as **Exhibit 3**.

14. During the meet and confer process, I explained to counsel for Defendant that the Facebook advertisement, the online intake questionnaire, and the responses to the questionnaire were unresponsive to any of Defendants' discovery requests and, in any event, were privileged and/or protected materials. However, as a compromise, I was willing to produce the questionnaire for the limited purpose of demonstrating that subsequent intake responses and initial calls with potential clients are privileged. Defendants rejected this proposal.

15. Through extensive meet and confer discussions, the Parties have been able to reach resolution on certain discovery issues.

16. In the spirit of compromise and to avoid needless discovery disputes, Plaintiff has produced all images of bottles and proof of purchase of other multivitamins purchased by Plaintiff, subject to her maintained objections. As part of this process, I had Plaintiff take additional photos of the products she purchased.

17. Plaintiff has also produced the Facebook advertisement and the online intake questionnaire so that Defendants could assess whether the intake responses and initial intake calls with potential clients are privileged. Attached hereto as **Exhibit 4** is a true and correct copy of the Facebook advertisement and the online intake questionnaire produced to Defendants.

18. I do not believe a second deposition of Plaintiff is not warranted or required as Plaintiff has complied fully with her duties under the Federal Rules of Civil Procedure, in the spirit of compromise, I offered to present Plaintiff for a limited second deposition subject to further meet and confer among the parties as to the precise scope and timing of a second deposition.

19. I have reviewed Plaintiff's deposition transcript. On my count, I found that roughly 294 of the 373 objections made by Plaintiff's counsel during the deposition were stated as just "objection," 32 separate objections were stated as objections to form (e.g., "objection; form"), 13 separate objections were instances in which the specific

objection to form was provided (e.g., "objection, asked and answered" or "argumentative"), and 28 separate objections were objections to privilege.

20. Attached hereto as **Exhibit 5** is a true and correct copy of Plaintiff's Responses to Defendants' First Set of Interrogatories on Substituted Plaintiff.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on December 6, 2019 in Los Angeles, California.

Benjamin Heikali

# EXHIBIT 1

Amy P. Lally (SBN 198555)
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9500
Facsimile: (310) 595-9501

Jonathan F. Cohn (*pro hac vice*)
jfcohn@sidley.com
Joshua J. Fougere (*pro hac vice*)
jfougere@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

*Attorneys for Defendants*
*Bayer HealthCare LLC and*
*Bayer Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILLE CABRERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BAYER HEALTHCARE LLC and BAYER CORPORATION,<br><br>Defendants. | Case No. 2:17-cv-08525 JAK (JPRx)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Assigned to: Hon. John A. Kronstadt |

PROPOUNDING PARTY: Plaintiff CAMILLE CABRERA

RESPONDING PARTY: Defendants BAYER HEALTHCARE LLC and BAYER CORPORATION

SET NO.: ONE

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure, Defendants Bayer Healthcare LLC and Bayer Corporation ("Bayer" or "Defendants") hereby objects and responds[1] to the Plaintiff's First Request For Production ("Request" or "Requests") as follows:

## GENERAL OBJECTIONS

The following general objections apply to the Definitions and Instructions, and each individual Request for Production contained or incorporated therein. Accordingly, Bayer incorporates each of the following general objections into the specific objections set forth below. The assertion of the same or additional objections in any particular response to a Request does not waive any other objections that are incorporated by reference.

1. Bayer objects to each and every Request on the ground and to the extent that it is overbroad and not calculated to lead to the discovery of admissible evidence because it seeks information and documents related only to claims that should be dismissed as set forth in Bayer's Motion to Dismiss and related briefing. *See* ECF No. 43.

2. Bayer objects to each and every Request on the ground and to the extent it applies to unknown members of Plaintiff's alleged "Nationwide Class," because the Court lacks personal jurisdiction over Bayer with respect to claims over non-California class members. *See* Mot. To Dismiss at 9-10.

3. Bayer objects to each and every Request on the ground and to the extent that it is premature unless and until Plaintiff articulates what she believed the word "Complete" to mean as it relates to the claims alleged in her Complaint. Judge Kronstadt asked Bayer to serve contention interrogatories, 4/16/18 Tr. at 20-21, which it did on July 18, 2018. Responding to Plaintiff's Requests before Plaintiff

[1]Bayer maintains that all of Plaintiff's claims should be dismissed for the reasons set forth in Bayer's Motion to Dismiss, *see* ECF No. 43, and that discovery is premature while the motion remains pending. The responses and objections herein are made without waiving any arguments or objections, including, but not limited to arguments in Bayer's Motion.

states clearly her position on this core issue is inappropriate, inefficient, and premature. Further, imposing burdensome discovery on Bayer is premature and inappropriate before Plaintiff has definitively provided the information necessary to establish whether or not she has (or can) state a valid claim for relief.

4. Bayer objects to the entire set of Requests and each Request therein, and to the Definition and Instructions, on the ground that they seek information outside the scope of permissible discovery under the Federal Rules of Civil Procedure, and to the extent that they seek to impose requirements or obligations on Bayer in addition to, or different from, those imposed by the Federal Rules of Civil Procedure, the rules of this Court, any applicable orders of this Court, or any stipulation or agreement of the parties. Bayer further objects to the extent the Requests, Definitions, and Instructions are overbroad, do not seek relevant information, are not reasonably calculated to lead to the discovery of admissible evidence, and are not proportional to the needs to the case, *see* Fed. R. Civ. P. 26(b)(1), or are inconsistent with the ESI Protocol, or Stipulated Protective Order (ECF No. 40). *See, e.g.*, Instructions 4, 8-10; Definitions 15-16.

5. Bayer objects to each and every Request on the ground and to the extent it seeks documents or information not within the possession, custody, or control of Bayer. Bayer further objects to each and every Request on the ground and to the extent it seeks information that is already in Plaintiff's possession, custody, or control, information that is readily available to Plaintiff, or information that is public. Bayer also objects to the Requests to the extent that they seek to impose burdens and costs on Bayer that are disproportionate to Plaintiff's need for the information or to the matters at issue in these cases.

6. Bayer objects to each and every Request on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery. Nothing contained

in any of Bayer's specific objections is intended to be, nor may be construed as, a waiver of any such privilege, immunity, or protection.

7. Bayer objects to each and every Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

8. Bayer objects to each and every Request on the ground and to the extent that it is not limited to Flintstones™ Gummies Complete Children's Multivitamin Supplement, and/or Flintstones™ Sour Gummies Complete Children's Multivitamin Supplement (Flintstones Gummies)—the only Products at issue.

9. Bayer objects to each and every Request to the extent that it seeks the production of "all" documents. Bayer is not obligated by applicable rules to produce "all" documents, but rather such investigation is constrained by relevance and reasonableness.

10. Bayer objects to Plaintiff's definition of "Defendants" or "you" or "your" as overbroad and unduly burdensome, particularly where it includes persons and/or entities other than the named Defendants in this case, Bayer Corporation, Bayer HealthCare LLC, and where it includes "any persons acting on behalf" of the listed persons and entities. Bayer also objects to this definition as overbroad and unduly burdensome where it includes "agents," "affiliates," and "consultants."

11. Bayer objects to each and every Request on the ground and to the extent that it is overbroad and unduly burdensome by seeking documents with no time period limitation or imposing over-expansive time period limitations. *See, e.g.,* Request 19 (14 years). Bayer also objects to Plaintiff's definition of "Class Period" as overbroad, vague, ambiguous, and not clearly defined, including, but not limited to, when Plaintiff's seeking "all information that relates to, were referenced, or were in effect" during the undefined "class period," "even if first created or received prior" to the undefined "class period."

12. Bayer objects to Plaintiff's definition of "Product(s)" as overbroad, and unduly burdensome, particularly where it includes Flintstones Gummies "offered for sale … in any store, through the internet or otherwise offered for sale."

13. Bayer objects to Plaintiff's definition of "communicate" or "communication" because it is overbroad, unduly burdensome, includes potentially inaccessible or not reasonably accessible documents, and not reasonably calculated to lead to the discovery of admissible evidence, particularly where it includes "exchange of information by *any means*." (emphasis added).

14. Bayer expressly reserves the right to modify and supplement these objections and responses if additional information or documents are located by Bayer, reserves the right to request the return of any disclosed privilege material pursuant to a protective order, and does not concede the relevancy or admissibility of any document requested or produced. The fact that Defendants are willing to provide documents responsive to any particular Request does not constitute an admission or acknowledgement that the Request is proper, that the information Plaintiff seeks is within the proper bounds of discovery, or that other requests for similar information will be treated in a similar fashion.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS RELATING TO DEFENDANTS' organizational, management, supervisory, and reporting structure, including organizational charts and DOCUMENTS sufficient to identify the names, titles, work location, scope of responsibilities, and reporting relationships for all DEFENDANTS' managers, supervisors, directors, consultants, and owners, with any responsibilities RELATING TO the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Bayer objects to Request No. 1 for corporate organization and structure information as seeking information that is not relevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Bayer further objects to Request No. 1 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "all documents relating to," Bayer's organizational structure for "*all* . . . managers, supervisors, directors, consultants, and owners, with *any responsibilities* relating to" Flintstone's Gummies. (emphasis added). Bayer also objects that Request No. 1 is vague and ambiguous – and to the extent it requests information outside of Bayer's possession, custody, or control – where it asks for documents related to "consultants and owners."

Bayer also objects to Request No. 1 for "all documents" related to the organization of the company on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Plaintiff's Request is also premature. Until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will seek to identify and produce organizational charts relevant to Plaintiff's particular claims regarding alleged deception of the Flintstones Gummies label by use of the word "Complete."

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO formal job descriptions or policy DOCUMENTS describing, identifying, or listing the job titles, responsibilities,

qualifications, and duties of all PERSONS who have any responsibilities RELATING TO the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Bayer objects that Request No. 2 is duplicative of Request No. 1, and incorporates its objections and responses to Request No. 1 herein.

Bayer also objects to Request No. 2 for corporate organization and structure information as seeking information that is not relevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Bayer further objects to Request No. 2 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "all documents relating to," Bayer's hiring and employment practices for "*all* persons who have *any responsibilities* relating to" Flintstone's Gummies. (emphasis added). This Request goes far beyond what is relevant to Plaintiff's claims and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects that Request No. 2 is vague and ambiguous where it seeks documents related to "job descriptions or policy documents."

Bayer also objects to Request No. 2 for "all documents" related to hiring and employment policies, job descriptions, and any other related documents on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Plaintiff's Request is also premature. Until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will seek to identify and produce organizational charts relevant to Plaintiff's particular claims regarding alleged deception of the Flintstones Gummies label by use of "Complete."

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS consisting of COMMUNICATIONS (including but not limited to questions, inquiries, complaints, responses, etc.), whether by writing, email, telephone, or voice message, between and among YOU and any CONSUMERS, prospective CONSUMERS, or other PERSONS RELATING TO the ADVERTISING of PRODUCTS, including but not limited to any COMMUNICATIONS RELATING TO the "Complete" representation on the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Bayer objects to Request No. 3 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Attempting to identify, locate, collect, process, and produce the potentially large number of irrelevant "communications" literally encompassed within the terms of such a sweeping Request would be expensive, inconvenient, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. This Request is also not proportional to the needs of the case, as it seeks "all" communications with persons other than Plaintiff or potential class members. This Request goes beyond what is relevant to Plaintiff's claims and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 3 for "all … communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, or would violate the privacy interests of others.

Plaintiff's Request is also premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will investigate whether it has in its possession, custody, or control communications between Bayer and the Plaintiff regarding the Flintstones Gummies label, and specifically the use of "Complete."

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS consisting of COMMUNICATIONS (including but not limited to questions, inquiries, complaints, responses, etc.), whether by writing, email, telephone, or voice message, by any CONSUMERS, prospective CONSUMERS, or other PERSONS RELATING TO the ADVERTISING of PRODUCTS, including but not limited to any COMMUNICATIONS RELATING TO the "Complete" representation on the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Request No. 4 is nearly identical to Request No. 3, seeking duplicative communications. Bayer, therefore, incorporates its objections and responses to Request No. 3 herein.

Plaintiff's Request is also premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would

be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will investigate whether it has in its possession, custody, or control communications between Bayer and the Plaintiff regarding the Flintstones Gummies label, and specifically the use of "Complete."

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any internal or external investigation, review, audit, evaluation, assessment, report, or correspondence (including the results and any action taken in response to/in conjunction with such results) from by any government agency, including but not limited to the United States Food and Drug Administration, Federal Trade Commission, or the National Advertising Division of the Council of Better Business Bureau, RELATING TO the ADVERTISING or MARKETING of the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Bayer objects to Request No. 5 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where is seeks "all documents and communications relating" to a laundry list of government-related communications and events.

Bayer further objects to this Request as irrelevant. "[I]internal or external investigation, review, audit, evaluation, assessment, report, or correspondence" by and with government agencies is not relevant to whether there was "deception of consumers acting reasonably in the circumstances." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013).

Bayer further objects to Request No. 5 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly because

it seeks "all documents … related to the advertising and marketing of the product" and is not even limited to the particular issues in this case concerning the term "Complete" in the brand name.

Plaintiff's Request is also premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 5 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 5 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO insurance policies that cover or could conceivably cover any of the claims alleged in the Complaint (Dkt. No. 1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiving those objections, and pursuant to Rule 26(a)(1)(A)(iv), Bayer states that it is not aware of insurance coverage for the claims in this action, as stated in the Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS sufficient to reflect the gross retail sales of each of the PRODUCTS during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Bayer objects to Request No. 7 to the extent it is duplicative of Request No. 11, and Bayer incorporates its objections and responses to Request No. 11 herein.

Bayer also objects to Request No. 7 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "gross retail sales" during the vague, ambiguous, and undefined "class period." Indeed, the number of sales made to retailers of Flintstones Gummies is not relevant to whether reasonable consumers are deceived by the word "Complete" in the label. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Bayer further objects to this Request as not proportional to the needs of the case where it seeks sweeping and undefined sales data that has no bearing on the claims or defenses. *See* Fed. R. Civ. P. 26(b)(1).

Lastly, Plaintiff's Request is premature at this early stage of litigation. Also, while the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 7 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 7 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS sufficient to reflect the net profits for each of the PRODUCTS during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Bayer objects to Request No. 8 to the extent it is duplicative of Request No. 12, and Bayer incorporates its objections and responses to Request No. 12 herein.

Bayer also objects to Request No. 8 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "net profits" during the vague, ambiguous, and undefined "class period." Indeed, the requested financial data related to Flintstones Gummies is not relevant to whether reasonable consumers are deceived by the word "Complete" in the label. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Bayer further objects to this Request as not proportional to the needs of the case where it seeks sweeping and undefined financial-related data that has no bearing on the claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Bayer also objects to Request No. 8 as vague and ambiguous, particularly where it seeks "net profits."

Lastly, Plaintiff's Request is premature at this early stage of litigation. Also, while the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 8 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 8 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS sufficient to reflect the gross margins (i.e., the amount by which revenue from sales exceeds costs) of for each of the PRODUCTS during the

CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Bayer objects to Request No. 9 to the extent it is duplicative of Request No. 13, and Bayer incorporates its objections and responses to Request No. 13 herein.

Bayer further objects to Request No. 9 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "gross margins" during the vague, ambiguous, and undefined "class period." Indeed, the requested financial data related to Flintstones Gummies is not relevant to whether reasonable consumers are deceived by the word "Complete" in the label. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Bayer further objects to this Request as not proportional to the needs of the case where it seeks sweeping and undefined financial-related data that has no bearing on the claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Bayer also objects to Request No. 9 as vague and ambiguous, particularly where it seeks "gross margins."

Lastly, Plaintiff's Request is premature at this early stage of litigation. Also, while the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 9 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 9 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS sufficient to reflect any net margins for each of the PRODUCTS during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Bayer objects to Request No. 10 to the extent it is duplicative of Request No. 14, and Bayer incorporates its objections and responses to Request No. 14 herein.

Bayer also objects to Request No. 10 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "net margins" during the vague, ambiguous, and undefined "class period." Indeed, the requested financial data related to Flintstones Gummies is not relevant to whether reasonable consumers are deceived by the word "Complete" in the label. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Bayer further objects to this Request as not proportional to the needs of the case where it seeks sweeping and undefined financial-related data that has no bearing on the claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Bayer also objects to Request No. 10 as vague and ambiguous, particularly where it seeks "net margins."

Lastly, Plaintiff's Request is premature at this early stage of litigation. Also, while the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 10 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 10 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS sufficient to reflect the gross retail sales of each of the PRODUCTS sold in the State of California during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Bayer objects to Request No. 11 to the extent it is duplicative of Request No. 7, and Bayer incorporates its objections and responses to Request No. 7 herein.

Bayer also objects to Request No. 11 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "gross retail sales" in California during the vague, ambiguous, and undefined "class period." Indeed, the requested financial data related to Flintstones Gummies is not relevant to whether reasonable consumers are deceived by the word "Complete" in the label. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Bayer further objects to this Request as not proportional to the needs of the case where it seeks sweeping and undefined financial-related data that has no bearing on the claims or defenses in this case. *See* Fed. R. Civ. P. 26(b)(1). Bayer also objects to Request No. 11 as vague and ambiguous, particularly where it seeks "gross retail sales."

Lastly, Plaintiff's Request is premature at this early stage of litigation. Also, while the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 11 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 11 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS sufficient to reflect the net profits for each of the PRODUCTS sold in the state of California during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Bayer objects to Request No. 12 to the extent it is duplicative of Request No. 8, and Bayer incorporates its objections and responses to Request No. 8 herein.

Bayer further objects to Request No. 12 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "net profits" in California during the vague, ambiguous, and undefined "class period." Indeed, the requested financial data related to Flintstones Gummies is not relevant to whether reasonable consumers are deceived by the word "Complete" in the label. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Bayer further objects to this Request as not proportional to the needs of the case where it seeks sweeping and undefined financial-related data that has no bearing on the claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Bayer also objects to Request No. 12 as vague and ambiguous, particularly where it seeks "net profits."

Lastly, Plaintiff's Request is premature at this early stage of litigation. Also, while the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 12 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 12 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS sufficient to reflect the gross margins (i.e., the amount by which revenue from sales exceeds costs) of for each of the PRODUCTS sold in the State of California during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Bayer objects to Request No. 13 to the extent it is duplicative of Request No. 9, and Bayer incorporates its objections and responses to Request No. 9 herein.

Bayer also objects to Request No. 13 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "gross margins" during the vague, ambiguous, and undefined "class period." Indeed, the requested financial data related to Flintstones Gummies is not relevant to whether reasonable consumers are deceived by the word "Complete" in the label. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Bayer further objects to this Request as not proportional to the needs of the case where it seeks sweeping and undefined financial-related data that has no bearing on the claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Bayer also objects to Request No. 13 as vague and ambiguous, particularly where it seeks "gross margins."

Lastly, Plaintiff's Request is premature at this early stage of litigation. Also, while the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 13 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 13 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS sufficient to reflect any net margins for each of the PRODUCTS sold in the State of California during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Bayer objects to Request No. 14 to the extent it is duplicative of Request No. 10, and Bayer incorporates its objections and responses to Request No. 10 herein.

Bayer also objects to Request No. 14 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "net margins" during the vague, ambiguous, and undefined "class period." Indeed, the requested financial data related to Flintstones Gummies is not relevant to whether reasonable consumers are deceived by the word "Complete" in the label. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Bayer further objects to this Request as not proportional to the needs of the case where it seeks sweeping and undefined financial-related data that has no bearing on the claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Bayer also objects to Request No. 14 as vague and ambiguous, particularly where it seeks "net margins."

Lastly, Plaintiff's Request is premature at this early stage of litigation. Also, while the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 14 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 14 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO YOUR pricing policies, practices, and procedures, including but not limited to, any internal pricing guidelines, manuals, memoranda, opinions, recommendations, COMMUNICATIONS with any consultants (financial, advertising, technological, economics, etc.), and any other DOCUMENTS YOU considered and/or reviewed RELATING TO the PRODUCTS during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Bayer objects to Request No. 15 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "all documents and communications relating" to a broad and sweeping list of product pricing-related documents, "including but not limited to" vague and ambiguous "opinions" and "any other documents." This Request is inappropriate, particularly at this stage of discovery.

Bayer further objects because pricing-related "guidelines, manuals, memoranda, opinions" and "other documents" cited by Plaintiff are not relevant to whether Plaintiff can show "deception of consumers acting reasonably in the circumstances." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Request No. 15 is also overbroad where it seeks documents during the vague, ambiguous, and undefined "class period."

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 15 for "all documents and

communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature at this early stage of litigation. Also, while the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 15 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 15 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS RELATING TO YOUR pricing policies, practices, and procedures, including but not limited to, any internal pricing guidelines, manuals, memoranda, opinions, recommendations, COMMUNICATIONS with any consultants (financial, advertising, technological, economics, etc.), and any other DOCUMENTS YOU considered and/or reviewed RELATING TO PRODUCTS sold in the State of California during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Bayer objects to Request No. 16 to the extent it is duplicative of Request No. 15, and Bayer incorporates its objections and responses to Request No. 15 herein.

Bayer objects to Request No. 16 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "all documents and communications relating" to a broad and sweeping list of product pricing-related documents, "including but not limited to" vague and ambiguous "opinions" and "any other documents." This Request is inappropriate, particularly at his stage of discovery.

Bayer further objects because pricing-related "guidelines, manuals, memoranda, opinions" and "other documents" cited by Plaintiff are not relevant to whether Plaintiff can show "deception of consumers acting reasonably in the circumstances." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Request No. 15 is also overbroad where it seeks documents during the vague, ambiguous, and undefined "class period."

Moreover, attempting to identify, locate, collect, process, and produce the vast number of irrelevant documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 17 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it

requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature at this early stage of litigation. Also, while the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 16 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 16 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the reasons, business-making decisions, and/or rationale for the MSRP for the PRODUCTS during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Bayer objects to Request No. 17 as vague and ambiguous where it seeks "business-making decisions, and/or rationale for the MSRP," which is facially vague, and where Plaintiff fails to define "MSRP." Bayer also objects to Request 17 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "all documents and communications relating to business-making decisions, and/or rationale."

Bayer further objects that this Request is irrelevant because "business-making decisions, and/or rationale for the MSRP" is not relevant to whether Plaintiff can show "deception of consumers acting reasonably in the circumstances." *Hill v. Roll*

*Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Request No. 15 is also overbroad where it seeks "all documents and communications" during the vague, ambiguous, and undefined "class period."

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 17 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature at this early stage of litigation. Also, while the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 17 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 17 are relevant to

the claims and proportional to the needs of the case pursuant to Rule 26(b).

**<u>REQUEST FOR PRODUCTION NO. 18:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING TO the reasons, business-making decisions, and/or rationale for the MSRP for PRODUCTS sold in the State of California during the CLASS PERIOD.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 18:</u>**

Bayer objects to Request No. 18 to the extent it is duplicative of Request No. 17, and Bayer incorporates its objections and responses to Request No. 17 herein.

Bayer also objects to Request No. 18 as vague and ambiguous where it seeks "business-making decisions, and/or rationale for the MSRP" in California which is facially vague, and where Plaintiff fails to define "MSRP." Bayer also objects to Request 18 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "all documents and communications relating to business-making decisions, and/or rationale."

Bayer further objects that this Request is irrelevant because "business-making decisions, and/or rationale for the MSRP" is not relevant to whether Plaintiff can show "deception of consumers acting reasonably in the circumstances." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Request No. 15 is also overbroad, where it seeks "all documents and communications" during the vague, ambiguous, and undefined "class period."

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 18 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 18 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 18 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS, including, but not limited to, designs and proofs, of every label and package for each of the PRODUCTS, which was either implemented, or considered for implementation, by YOU, since 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Bayer objects to Request 19 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "designs and proofs, of every label and package."

Bayer further objects that this onerous Request is irrelevant. Draft labels "considered for implementation" are not relevant to whether there was "deception of consumers acting reasonably in the circumstances" when viewing the ***label in circulation*** that the Plaintiff claims to have read. *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Request No. 19 is also overbroad as it seeks every label from an arbitrary and excessive 14-year period. This Request seeks documents that are not relevant to any particular issue in this case regarding actual use of the term "Complete" in the brand name on products that were sold to Plaintiff.

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 19 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in

response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will produce the final labels for the Flintstones Gummies during the relevant class period.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the word "Complete" on the label and packaging of the PRODUCTS and other multivitamin products bearing the word "Complete."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Bayer objects to Request 20 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "all documents and communications relating to the word 'Complete' on the label and packaging," with no limitation as to document type, persons involved, subject-matter sought, or any other reasonable limits for identifying responsive documents relevant to Plaintiff's claims.

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 20 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any

confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 20 at this time. Bayer, however, is willing to meet and confer regarding final labels during the relevant time period and invites Plaintiff to articulate how and why the documents requested in Request No. 20 are relevant to the claims and to propose additional limitations that are proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and COMMUNICATIONS RELATING TO variations of the "Complete" representation on the PRODUCTS' labels and packages, including variations not ultimately used on or about the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Bayer objects to Request 21 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "all documents and communications relating to variations of 'Complete'" on the label.

Bayer further objects that this Request is irrelevant because "variations," "including variations not ultimately used are" not relevant to whether there was "deception of consumers acting reasonably in the circumstances" when viewing the ***label in circulation*** that the Plaintiff claims to have read. *Hill v. Roll Int'l Corp.*,

195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Request No. 21 is also overbroad where it seeks "all documents and communications" about draft variations of labeling with no time or other reasonable limitation or guidance.

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 21 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will produce the final labels for the Flintstones Gummies during the relevant class period.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO why the word "Complete" appears in the particular area of the label and package of the PRODUCTS, and the manner/style with which the word appears (e.g., particular font sizes, etc.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Bayer objects to Request No. 22 as vague and ambiguous where it seeks "why" items on the label "appear[s] in the particular area" or in the "manner/style" they appear. Bayer also objects to Request 22 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks information that relates to the technical design elements of the label, which is irrelevant.

Indeed, internal documents and communications about the technical aspect of the label design are not relevant to whether there was "deception of consumers acting reasonably in the circumstances." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Request No. 22 is also overbroad where it seeks all documents with no time or other limitation as to what Plaintiff seeks through this Request.

Bayer also objects to Request No. 22 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery. Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is

overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 22 at this time. Bayer, however, is willing to meet and confer regarding final labels during the relevant time period and invites Plaintiff to articulate how and why the documents requested in Request No. 22 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO removing the "Complete" representation on the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Bayer objects to Request 23 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "all documents and communications relating to *removing 'Complete'*" from the product label. (emphasis added).

Bayer further objects that this Request is speculative and seeks irrelevant information that has nothing to do with whether Plaintiff can show "deception of consumers acting reasonably in the circumstances" when viewing the ***label in circulation*** that the Plaintiff claims to have read. *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Request No. 23 is overbroad where it seeks documents about different variations of the labeling, with no time or other reasonable limitation.

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be

tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 23 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 23 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why this is not a speculative request and how and why the documents requested in Request No. 23 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 24:**

All internal COMMUNICATIONS within DEFENDANTS RELATING TO the "Complete" representation on the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Bayer objects to Request 24 as duplicative, overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "all communications relating to the word 'Complete'" with no limitation as to document type, persons involved, subject-matter sought, or any other reasonable guidelines for identifying responsive documents relevant to Plaintiff's claims. Request No. 24 is also overbroad where it seeks "all communications" relating to the word 'Complete'" with no time or other limitation.

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 24 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would

be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 24 at this time. Bayer, however, is willing to meet and confer regarding final labels during the relevant time period and invites Plaintiff to articulate how and why the documents requested in Request No. 24 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the decision not to include Vitamin K, Vitamin B1 (thiamine), Vitamin B2 (riboflavin), and Vitamin B3 (niacin) in the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Bayer objects to Request 25 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "all documents and communications relating to the decision not to include" certain vitamins within the products at issue.

Bayer further objects that this Request is not calculated to lead to the discovery of admissible evidence and is irrelevant. The relevant issue is whether Plaintiff can show "deception of consumers acting reasonably in the circumstances." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013); *Goldman v. Bayer AG*, No. 17-cv-0647, 2017 WL 3168525, at *7 (N.D. Cal. July 26, 2017). "[A]ll documents and communications" related to the decision to include or not include ingredients in a particular multivitamin formulation (and there are many) is not reasonably calculated to seek the discovery of admissible evidence bearing on that question. Bayer further objects to the extent Plaintiffs' Request assumes there was a decision to include or not include the cited vitamins and minerals.

Moreover, attempting to identify, locate, collect, process, and produce the

potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 25 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 25 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 25 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the decision to include Vitamin K, Vitamin B1 (thiamine), Vitamin B2 (riboflavin), and/or

Vitamin B3 (niacin) in Flintstones™ Complete Children's Multivitamin Supplement Chewable Tablets and/or other multivitamin products sold by DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Bayer objects to Request 26 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "all documents and communications relating to the decision not to include" certain vitamins within the products at issue.

Bayer further objects that this Request is not calculated to lead to the discovery of admissible evidence and is irrelevant. The relevant issue is whether Plaintiff can show "deception of consumers acting reasonably in the circumstances" for the products Plaintiff purchased. *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013); *Goldman v. Bayer AG*, No. 17-cv-0647, 2017 WL 3168525, at *7 (N.D. Cal. July 26, 2017). "[A]ll documents and communications" related to the decision to include or not include ingredients in a particular multivitamin formulation (and there are many) is not reasonably calculated to seek the discovery of admissible evidence bearing on that question.

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 26 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it

requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 26 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 26 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any proposed and/or implemented changes in YOUR practices RELATING TO the ADVERTISING and/or marketing of PRODUCTS during the CLASS PERIOD, including but not limited to, the addition of or the potential removal of the word "Complete" or a substantially similar representation on or regarding the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Bayer objects to Request 27 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "all documents and communications relating to" changes to advertising and marketing "practices."

Bayer further objects that the documents sought in this Request are not calculated to lead to the discovery of admissible evidence and irrelevant. The only relevant "advertising" or "marketing" is the Product label, and the relevant issue is

whether Plaintiff can show "deception of consumers acting reasonably in the circumstances." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013); *Goldman v. Bayer AG*, No. 17-cv-0647, 2017 WL 3168525, at *7 (N.D. Cal. July 26, 2017). "[A]ll documents and communications" connected to Bayer's "proposed and/or implemented changes" in advertising and marketing is not relevant or reasonably calculated to seek the discovery of admissible evidence bearing on that question. Request No. 27 is also overbroad where it seeks documents during the vague, ambiguous, and undefined "class period."

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 27 for "all document and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in

response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 27 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 27 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any discussion, expressed orally or in writing, by any of DEFENDANTS' employee RELATING TO whether the ADVERTISING, labeling, and/or MARKETING of PRODUCTS was false, misleading, and/or confusing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Bayer objects to Request 28 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "all documents and communications relating to" discussions regarding interpretations of the labeling.

Bayer further objects that the documents sought in this Request are not calculated to lead to the discovery of admissible evidence and are largely irrelevant. The only relevant "advertising" or "marketing" is the Product label, and the relevant issue is whether Plaintiff can show "deception of consumers acting reasonably in the circumstances." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013); *Goldman v. Bayer AG*, No. 17-cv-0647, 2017 WL 3168525, at *7 (N.D. Cal. July 26, 2017). Request No. 28 is also overbroad where it seeks "all documents and communications" during the vague, ambiguous, and undefined "class period."

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further

objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 28 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 28 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 28 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**<u>REQUEST FOR PRODUCTION NO. 29:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING TO any empirical research, including but not limited to any studies or expert consultations, analyses, manuals, treatises, publications, internal guidelines, memoranda, opinions, recommendations, COMMUNICATIONS with any consultants (financial,

advertising, technological, economics, etc.), market research, studies, surveys, and any other DOCUMENTS YOU maintain, have considered, and/or have reviewed RELATING TO CONSUMER or other PERSONS' perception and/or behavior RELATING TO the word "Complete" on the PRODUCTS and/or other multivitamin products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Bayer objects to Request 29 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "all documents and communications relating to" an onerous list of everything from "treatises" to "surveys" regarding the vague "perceptions and/or behavior" related to the term "Complete."

Bayer further objects that Request No. 29 is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "all documents and communications" with no time or other limitation.

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 29 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would

violate the privacy interests of others.

Bayer further objects to this Request to the extent it seeks documents that are not within the possession, custody, or control of Bayer.

Bayer also objects to the extent is it premature, including where it calls for production of expert discovery in advance of the appropriate expert discovery and disclosure timeline.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will produce final versions of the Flintstones Gummies labels that were in circulation when Plaintiff allegedly purchased Flintstones Gummies in March 2017. Bayer is also willing to further meet and confer with Plaintiff as to what (if any) market research-related documents might be discoverable related to the particular issues of the case.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any empirical research, including but not limited to any studies or expert consultations, analyses, manuals, treatises, publications, internal guidelines, memoranda, opinions, recommendations, COMMUNICATIONS with any consultants (financial, advertising, technological, economics, etc.), market research, studies, surveys, and any other DOCUMENTS YOU maintain, have considered, and/or have reviewed RELATING TO the market (e.g., other multivitamin supplements) for the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Bayer objects to Request 30 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "all documents and communications relating to" an onerous list of everything from "treatises" to "surveys" related to "other multivitamin supplements."

Request No. 30, moreover, is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where is seeks "all documents and communications" with no time or other limitation.

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 30 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Bayer also objects to the extent is it premature, including where it calls for production of expert discovery in advance of the appropriate expert discovery and disclosure timeline.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is

overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will produce final versions of the Flintstones Gummies labels that were in circulation when Plaintiff allegedly purchased Flintstones Gummies in March 2017. Bayer is also willing to further meet and confer with Plaintiff as to what (if any) market research-related documents might be discoverable related to the particular issues of the case.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any empirical research, including but not limited to any studies or expert consultations, analyses, manuals, treatises, publications, internal guidelines, memoranda, opinions, recommendations, COMMUNICATIONS with any consultants (financial, advertising, technological, economics, etc.), market research, studies, surveys, and any other DOCUMENTS YOU considered and/or reviewed RELATING TO the ADVERTISING of the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Bayer objects to Request 31 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "all documents and communications relating to" an onerous list of everything from "treatises" to "surveys" related advertising of Flintstones Gummies. This broad and sweeping Request, moreover, seeks irrelevant documents.

Request No. 31, moreover, is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where is seeks "all documents and communications" with no time or other limitation.

Moreover, attempting to identify, locate, collect, process, and produce the

potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 31 for "all document and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Bayer also objects to the extent is it premature, including where it calls for production of expert discovery in advance of the appropriate expert discovery and disclosure timeline.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will seek to identify and produce final versions of the Flintstones Gummies labels that were in circulation when Plaintiff allegedly purchased Flintstones Gummies in March 2017 and during the relevant time period. Bayer is also willing to further meet and confer with Plaintiff as to what (if any) market research documents might be discoverable

related to the particular issues in this case.

**REQUEST FOR PRODUCTION NO. 32:**

All surveys and studies RELATING TO CONSUMERS' or other PERSONS' purchasing choices for multivitamin supplements, including the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Bayer objects to Request 32 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "surveys and studies" related to "purchasing choices."

This broad and sweeping Request, moreover, seeks irrelevant documents. Surveys and studies about "purchasing choices" for multivitamins generally, which is what this Request seeks, that are not relevant to whether Plaintiff can show "deception of consumers acting reasonably in the circumstances" when viewing the product label in this case. *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013); *Goldman v. Bayer AG*, No. 17-cv-0647, 2017 WL 3168525, at *7 (N.D. Cal. July 26, 2017). Request No. 32 is also overbroad where is seeks "all surveys and studies" with no time, target demographic, or other meaningful limitation.

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 31 on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Bayer also objects to the extent is it premature, including where it calls for production of expert discovery in advance of the appropriate expert discovery and disclosure timeline.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will identify and produce final versions of the Flintstones Gummies labels that were in circulation when Plaintiff allegedly purchased Flintstones Gummies in March 2017 and during the relevant time period. Bayer is also willing to further meet and confer with Plaintiff as to what (if any) survey documents might be discoverable related to the particular issues of the case.

**REQUEST FOR PRODUCTION NO. 33:**

All surveys and studies RELATING TO CONSUMERS' or other PERSONS' purchasing choices for multivitamin supplements labeled or packaged as being "Complete."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Bayer objects to Request 33 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "surveys and studies" related to "purchasing choices." Request No. 33 is also overbroad, unduly burdensome, and not calculated

to lead to the discovery of admissible evidence, particularly where it seeks "all surveys and studies" with no time period, target demographic, or any other meaningful limitation.

Moreover, attempting to identify, locate, collect, process, and produce the potentially vast number of documents sought in this sweeping Request would be tremendously expensive, inconvenient, and unduly burdensome. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case where it seeks sweeping "communications with any consultants" that have no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 33 on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Bayer also objects to the extent is it premature, including where it calls for production of expert discovery in advance of the appropriate expert discovery and disclosure timeline.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will identify produce final versions of the Flintstones Gummies labels that were in circulation when

Plaintiff allegedly purchased Flintstones Gummies in March 2017 and during the relevant time period. Bayer is also willing to further meet and confer with Plaintiff as to what (if any) survey documents might be discoverable related to the particular issues of the case.

**<u>REQUEST FOR PRODUCTION NO. 34:</u>**

All DOCUMENTS RELATING TO focus groups for the PRODUCTS, including questions posed to and answers received by participants regarding the "Complete" representation on the PRODUCTS.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 34:</u>**

Bayer objects to Request 34 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent is seeks information that has no bearing on the issues, particularly where it requests "all documents related to focus groups." *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 34 on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Bayer also objects to the extent is it premature, including where it calls for production of expert discovery in advance of the appropriate expert discovery and disclosure timeline.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the

meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will identify and produce final versions of the Flintstones Gummies labels that were in circulation when Plaintiff allegedly purchased Flintstones Gummies in March 2017 and during the relevant time period. Bayer is also willing to further meet and confer with Plaintiff as to what (if any) focus group documents might be discoverable related to the particular issues of the case.

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS provided to DEFENDANTS by Nielsen, IRI, or any other market research company RELATING TO PRODUCTS (including the market for the PRODUCTS).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Bayer objects to Request 35 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "all documents" related to "products," without limiting the Requests to products at issue in this litigation, and without limiting it to a particular type of market research.

Bayer further objects that this Request seeks irrelevant documents because market research about the "market" and "products" generally is not properly tailored to the issues in this case, which concerns whether Plaintiff can show "deception of consumers acting reasonably in the circumstances" when viewing the ***label in circulation*** that the Plaintiff claims to have read. *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Request No. 35 is also overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where is seeks "all documents" with no time limitation. Bayer further objects to this

Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent is seeks information that has no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will produce final versions of the Flintstones Gummies labels that were in circulation when Plaintiff allegedly purchased Flintstones Gummies in March 2017. Bayer is also willing to further meet and confer with Plaintiff as to what (if any) market research documents might be discoverable related to the particular issues of the case.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS RELATING TO any qualifications or disclaimers on the labels, packaging, or ADVERTISING RELATING TO the "Complete" representation of PRODUCTS during the CLASS PERIOD, or the proposed implementation of such any qualifications or disclaimers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Bayer objects to Request 36 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "all documents and communications" related to the disclaimers or "advertising."

Bayer further objects that the documents sought in this Request are not calculated to lead to the discovery of admissible evidence and are irrelevant. The only relevant "advertising" is the Product label Plaintiff claims to have read, and the relevant issue is whether Plaintiff can show "deception of consumers acting reasonably in the circumstances" when viewing that label based on the word "Complete." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013); *Goldman v. Bayer AG*, No. 17-cv-0647, 2017 WL 3168525, at *7 (N.D. Cal. July 26, 2017). Request No. 36 is also overbroad where it requests document during the vague, ambiguous, and undefined "class period." Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent is seeks information that has no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 36 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery. Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will produce final

labels for the Flintstones Gummies during the relevant class period.

**<u>REQUEST FOR PRODUCTION NO. 37:</u>**

All DOCUMENTS and COMMUNICATIONS RELATING TO the decision list Vitamin K, Thiamine, Riboflavin, and Niacin on any of Defendants' webpages, including, but not limited to: https://www.flintstonesvitamins.com/about-our-nutrients/.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 37:</u>**

Bayer objects to Request 37 as overbroad, unduly burdensome, and vague and ambiguous, particularly where it seeks "all documents and communications relating to the decision" regarding content on Bayer's webpage for all available formulations of its Flintstones Gummies and not just the Products at issue in the case.

Bayer further objects that this Request seeks largely irrelevant documents. The only relevant "advertising" is the Product label Plaintiff claims to have read, and the relevant issue is whether Plaintiff can show "deception of consumers acting reasonably in the circumstances" when viewing that label based on the word "Complete." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013); *Goldman v. Bayer AG*, No. 17-cv-0647, 2017 WL 3168525, at *7 (N.D. Cal. July 26, 2017). Plaintiff does not alleged that she ever even read Bayer's webpages, and communications and documents about web content that – on a webpage regarding multiple products not at issue here – is therefore not relevant to the issues in this case. Request No. 37 is also overbroad where it seeks "all documents and communications" with no time limit.

Bayer also objects to Request No. 37 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege

or protection from discovery.

Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 37 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 37 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS sufficient to IDENTIFY every third-party retailer, distributor, and/or wholesaler of the PRODUCTS during the CLASS PERIOD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Bayer objects to Request No. 38 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where it seeks "all documents and communications" regarding "every third-party retailer, distributor, and/or wholesaler" during the vague, ambiguous, and undefined "class period." Indeed, the identity of retailers of Flintstones Gummies is not relevant to whether reasonable consumers are deceived by the word "Complete" in the label. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g.,*

*Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Bayer further objects to this Request as not proportional to the needs of the case where it seeks sweeping and undefined retail-related information that has no bearing on the claims or defenses. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 38 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery. Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, this information is publically available, and therefore equally available to Plaintiff, pursuant to the "find a retailer" option on the Flintstones Gummies website, https://www.flintstonesvitamins.com/products/complete-vitamin-gummies, a page which Plaintiff cites in her Request 37.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS RELATING TO sale, distribution, and purchase contracts/agreements with every third-party retailer, distributor, and/or wholesaler of the PRODUCTS during the CLASS PERIOD, and

any instructions, contracts, or agreements to or with every third-party retailer, distributor, and/or wholesaler RELATING TO the labeling, ADVERTISING, pricing, and sale of PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Bayer further objects to Request No. 39 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where is seeks "all documents and communications relating to" contract, agreements, and other irrelevant documents associated with "third-party retailer[s], distributor[s], and/or wholesaler[s]" during the vague, ambiguous, and undefined "class period." Indeed, contracts, agreements, and the like with third-parties are not relevant to whether reasonable consumers are deceived by the word "Complete" in the label. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011) (emphasis added); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013). Bayer further objects to this Request as not proportional to the needs of the case where it seeks sweeping and undefined business-related data that has no bearing on the claims or defenses. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 39 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery. Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in

response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 39 at this time. Bayer, however, is willing to meet and confer and invites Plaintiff to articulate how and why the documents requested in Request No. 39 are relevant to the claims and proportional to the needs of the case pursuant to Rule 26(b).

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS RELATING to marketing materials provided to third-party retailers, distributors, and/or wholesalers regarding the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Bayer objects to Request No. 40 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, where it seeks marketing material provided to "third-party retailer[s], distributor[s], and/or wholesaler[s]" during an undefined time period.

Bayer further objects to Request 40 as irrelevant. First, marketing materials provided to third parties are not relevant to whether there was "deception of consumers acting reasonably in the circumstances" when viewing the product label in this case. *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013); *Goldman v. Bayer AG*, No. 17-cv-0647, 2017 WL 3168525, at *7 (N.D. Cal. July 26, 2017). Second, Request No. 40 is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence, particularly where is seeks "all documents and communications" with no time limit. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information that has no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 40 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery. Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will produce final marketing and promotional materials prepared for public dissemination during the relevant class period.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the marketing plan, marketing brief, or creative brief for the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Bayer objects to Request No. 41 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence where it seeks marketing materials, including vague and ambiguous "marketing brief[s]" and "creative brief[s]."

Bayer further objects to Request 41 as it seeks information that is speculative and irrelevant to the claims in this case. The only relevant "marketing" is the

Product label Plaintiff claims to have read, and the relevant issue is whether Plaintiff can show "deception of consumers acting reasonably in the circumstances" when viewing that label based on the word "Complete." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013); *Goldman v. Bayer AG*, No. 17-cv-0647, 2017 WL 3168525, at *7 (N.D. Cal. July 26, 2017). Request No. 41 is also overbroad where is seeks "all documents and communications" with no time limit. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information that has no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 41 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery. Bayer further objects to this Request on the ground and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will produce final marketing and promotional materials prepared for public dissemination during the relevant class period.

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS and COMMUNICATIONS RELATED TO COMMUNICATIONS between YOU and any PERSON (including but not limited to brand ambassadors, influencers and/or bloggers) RELATING TO any public relations and/or marketing for the PRODUCTS (including but not limited to influencer outreach collateral and campaign briefs).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Bayer objects to Request No. 42 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence where it seeks "all" public relations and marketing-related "documents and communications."

Bayer further objects to Request 42 as irrelevant. The only relevant "advertising" is the Product label Plaintiff claims to have read, and the relevant issue is whether Plaintiff can show "deception of consumers acting reasonably in the circumstances" when viewing that label based on the word "Complete." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also, e.g., Chapman v. Skype Inc.*, 220 Cal. App. 4th 217, 226-227 (2013); *Goldman v. Bayer AG*, No. 17-cv-0647, 2017 WL 3168525, at *7 (N.D. Cal. July 26, 2017). General "public relations and/or marketing" documents and communications are not relevant to that issue. Request No. 42 is also overbroad where it seeks "all documents and communications" with no time limit. Bayer further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent is seeks information that has no bearing on the issues. *See* Fed. R. Civ. P. 26(b)(1).

Bayer also objects to Request No. 42 for "all documents and communications" on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery. Bayer further objects to this Request on the ground

and to the extent that it requires the production of documents or information that contravenes any confidentiality agreement, is proprietary, or protected by trade secrets, or would violate the privacy interests of others.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Subject to and without waiving those objections, Bayer will produce final marketing and promotional materials prepared for public dissemination during the relevant class period.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS and COMMUNICATIONS RELATED TO or identified in your responses to Plaintiff's First Set of Interrogatories served on you in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Bayer objects to Request No. 43 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence where it seeks "all and communications related to" responding to the interrogatories.

Bayer also objects to Request No. 43 on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the

meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 43 at this time.

**<u>REQUEST FOR PRODUCTION NO. 44:</u>**

All DOCUMENTS and COMMUNICATIONS YOU consulted in order to respond to Plaintiff's First Set of Interrogatories served on you in this action.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 44:</u>**

Bayer objects to Request No. 44 as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence where it seeks "all documents and communications … consulted" responding to the interrogatories.

Bayer also objects to Request No. 44 on the ground and to the extent that it calls for information that is protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, joint-interest privilege, or any other applicable privilege or protection from discovery.

Lastly, Plaintiff's Request is premature. While the Motion to Dismiss remains pending and before Plaintiff has moved for class certification, this Request is overbroad and improper. Moreover, until Plaintiff articulates a viable theory for the meaning of "Complete" and provides definitive information about her claims in response to Bayer's Court-invited interrogatories, responding to this Request would be inefficient and inappropriate.

Bayer will not produce any documents in response to Request No. 44 at this time.

Dated: August 24, 2018

SIDLEY AUSTIN LLP

By: */s/ Amy P. Lally*

Amy P. Lally (SBN 198555)
alally@sidley.com
1999 Avenue of the Stars 17th Floor
Los Angeles, CA 90067
Telephone: 310.595.9500
Facsimile: 310.595.9501

*Attorneys for Defendants Bayer Corporation, and Bayer HealthCare LLC*

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA )
) SS
COUNTY OF LOS ANGLES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013.

On August 24, 2018, I served the following documents described as: **DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** on all interested parties in this action as follows:

FARUQI & FARUQI, LLP
Benjamin Heikali
bheikali@faruqilaw.com
Joshua Nassir
jnassir@faruqilaw.com
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024

☒ (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows: I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California. I am readily familiar with Sidley Austin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be

deposited in the United States Postal Service on that same day in the ordinary course of business.

☒ (VIA E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2018, at Los Angeles, California.

Masa Brown

# EXHIBIT 2

## Benjamin Heikali

**From:** Benjamin Heikali
**Sent:** Monday, December 2, 2019 10:22 AM
**To:** Cohn, Jonathan; Branch, Morgan; Fougere, Josh; Lally, Amy P.; Fradette, Jacquelyn E
**Cc:** Timothy J. Peter; Joshua Nassir; Aubry Wand; Reza Rezvani
**Subject:** RE: Facebook Ad & Respondent Questionnaire

Jon,

I believe the two remaining discovery disputes on the table are (1) your allegation that there was witness coaching and (2) whether the Facebook ad, the questionnaire, the responses to the questionnaire, and the initial intake with Ms. Woods were privileged.

In order to eliminate a needless discovery dispute and try to resolve the first issue, we are willing to provide you with declarations from both plaintiff's counsel and Ms. Woods evidencing the fact that there was no substantive discussion about her deposition testimony, or witness coaching, during any of the deposition breaks. This would of course be without general subject matter waiver of attorney client privilege. Please let us know if you agree to this proposal.

Happy to discuss.

Thanks,
Ben

---

**From:** Cohn, Jonathan <jfcohn@sidley.com>
**Sent:** Wednesday, November 27, 2019 12:05 PM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Lally, Amy P. <alally@sidley.com>; Fradette, Jacquelyn E <jfradette@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>; Aubry Wand <awand@wandlawfirm.com>; Reza Rezvani <rrezvani@faruqilaw.com>
**Subject:** RE: Facebook Ad & Respondent Questionnaire

Ben, I don't understand your "sole purpose" restriction. I don't know what it means or what the implications are. It's not something we discussed on the phone. I am not saying we would not agree to it; just that we didn't agree to it, and I don't know what it means. Please explain. Thanks.

Besides, this is something you should have produced long ago—in the initial disclosure no less—so I don't think you are really in a position to demand restrictions on use.

At a certain point, you just have to come clean with your docs.

Jon

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Date:** Wednesday, Nov 27, 2019, 1:56 PM

**To:** Cohn, Jonathan <jfcohn@sidley.com>, Branch, Morgan <mbranch@sidley.com>, Fougere, Josh <jfougere@sidley.com>, Lally, Amy P. <alally@sidley.com>, Fradette, Jacquelyn E <jfradette@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>, Joshua Nassir <jnassir@faruqilaw.com>, Aubry Wand <awand@wandlawfirm.com>, Reza Rezvani <rrezvani@faruqilaw.com>
**Subject:** Facebook Ad & Respondent Questionnaire

Jon and Morgan:

I think we've agreed for now that we will produce the Facebook ad and the respondent questionnaire for the sole purpose of facilitating our further meet and confer discussions regarding whether privilege exists as to the responses to the questionnaire and subsequent communications with Ms. Woods. These documents are, of course, being produced without prejudice to your right to later request the documents for other purposes.

The documents would also, of course, at all times be subject to the Protective Order.

If you can confirm we are agreed on that, we can get you the documents later today, and if not, right after the holiday.

Thanks,
Ben

FARUQI & FARUQI LLP
ATTORNEYS AT LAW
Ben Heikali ■ Partner ■ Faruqi & Faruqi, LLP ■ 10866 Wilshire Boulevard, Suite 1470 ■ Los Angeles, CA 90024 ■ (D) 424 365 3220 ■ (T) 424 256 2884 ■ (F) 424 256 2885 ■ www.faruqilaw.com

This message originates from the law firm of Faruqi & Faruqi, LLP. This email message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this message or its attachments is strictly prohibited. All personal messages express solely the sender's view and not those of Faruqi & Faruqi, LLP. This message may not be copied or distributed without this disclaimer. If you received this message in error, please reply to the sender above immediately and permanently delete this message from your inbox.

****************************************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us immediately.

****************************************************************************************************

# EXHIBIT 3

**Benjamin Heikali**

**From:** Fradette, Jacquelyn E <jfradette@sidley.com>
**Sent:** Monday, December 2, 2019 11:02 AM
**To:** Benjamin Heikali; Cohn, Jonathan; Branch, Morgan; Fougere, Josh; Reza Rezvani; Lally, Amy P.
**Cc:** Timothy J. Peter; Joshua Nassir; Aubry Wand
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Ben,

I will respond to all three of your recent emails at once.

First, the only issue that we can withdraw from the motion at this time is your failure to produce labels and receipts for Ms. Woods. (Of course, that production is still not complete because you need to produce clearer pictures of the labels and receipts, and you will need to provide copies with bates stamps, but we assume you will do so promptly.)

Second, with regards to the Facebook page and questionnaires, you are reneging on the deal we discussed on the meet and confer, during which you said you would produce them. You did not list any conditions on the call, and you have no basis for imposing any conditions.

Third, we reject your proposal for an affidavit on the coaching. That simply does not cure the issue. We can ask our questions during the second deposition of Ms. Woods. We want to hear Ms. Woods's words, not yours.

Accordingly, your portion of the joint letter to the court (which per the local rules is due tomorrow) has to address everything we have raised, with the exception of the failure to produce labels and receipts. We await your portion of the response.

Finally, as for the untimely and overbroad expert subpoenas, we will be serving our objections and positions later today.

Jacquelyn

**JACQUELYN E. FRADETTE**
Associate

**SIDLEY AUSTIN LLP**
+1 202 736 8822
jfradette@sidley.com

---

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Sent:** Monday, December 2, 2019 12:12 PM
**To:** Fradette, Jacquelyn E <jfradette@sidley.com>; Cohn, Jonathan <jfcohn@sidley.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>; Aubry Wand <awand@wandlawfirm.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Jacquelyn,

While we maintain our position that documents relating to other multivitamins are irrelevant to this action, as a compromise and in response to Bayer's request for documents about other multivitamins, we have now produced all non-privileged documents in Ms. Woods' possession, custody, or control to the best of my knowledge, information, and belief formed after a reasonable inquiry. Can you please send us a revised joint stipulation draft with the removed portions? As I mentioned to Jon and Morgan last week, we need to know precisely which facts and arguments we are responding to before we send back our portion. Once we have a revised version, we should be able to turn that around relatively quickly.

As to Defendants' request for the Facebook post, the questionnaire, the responses, and the initial contact with Ms. Woods, I think we may be at an impasse there.

Thanks,
Ben

---

**From:** Fradette, Jacquelyn E <jfradette@sidley.com>
**Sent:** Tuesday, November 26, 2019 7:08 PM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Cohn, Jonathan <jfcohn@sidley.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>; Aubry Wand <awand@wandlawfirm.com>; Fradette, Jacquelyn E <jfradette@sidley.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Ben,

Attached is Bayer's portion of the joint filing. This covers all of the discovery at issue, including the materials you promised to produce moments ago. When you do, in fact, produce it we can revise.

Jacquelyn

**JACQUELYN E. FRADETTE**
Associate

**SIDLEY AUSTIN LLP**
+1 202 736 8822
jfradette@sidley.com

---

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Sent:** Tuesday, November 26, 2019 8:16 PM
**To:** Cohn, Jonathan <jfcohn@sidley.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>; Aubry Wand <awand@wandlawfirm.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Jon,

Following up on our meet and confer call yesterday. Here is our proposal:

1) Plaintiff is willing to produce images of the Equate multivitamin and Vitafusion Prenatal products, and images of the Walmart receipt for those two products. We are willing to also update her interrogatory responses to reflect that information. We note that by supplementing the responses and producing the foregoing documents, Plaintiff and counsel are in no way admitting that the initial responses were deficient in any way or that we improperly withheld documents. As we noted in our letter yesterday and on our meet and confer call, we properly objected to the scope of the requests as overbroad and irrelevant and explicitly disclosed that we were withholding documents based on those objections. You did not follow up until after the deposition. In any event, we hope our proposal resolves this point.

2) As an initial matter, we note that your request for the Facebook ad, the respondent questionnaire, and the responses to the questionnaire are not responsive to any of your document requests. In any event, we will provide the Facebook ad and the respondent questionnaire for the sole purpose of showing that subsequent communications (including the responses to the questionnaire) are privileged. However, we will not produce Ms. Woods' responses to the questionnaire, or the responses other respondents may have given to the questionnaire, as we maintain that those are privileged communications geared towards legal representation. *Barton v. U.S. Dist. Court for Cent. Dist. Of Cal.*, 410 F.3d 1104 (9th Cir. 2005). In that vein, the first call with Ms. Woods was a follow up to her responses and clearly for the purpose of legal representation. Therefore, we object to any further discovery or deposition questions about her responses to the questionnaire and our initial intake call with her.

3) To the extent Defendants seek discussions during breaks, we maintain our position that we did not coach the witness and that those conversations are privileged. You have not provided us with **any** evidence of coaching. None exists, as it did not happen. If you continue to make this argument, we will take appropriate action.

4) We are open to the idea a second deposition but want to discuss the specific scope and parameters of a second deposition further with you on a call. Assuming the parties can reach agreement on scope, duration and timing of a second deposition, we can agree to a second deposition. Please let us know when you are available to discuss further.

Thanks,
Ben

---

**From:** Cohn, Jonathan <jfcohn@sidley.com>
**Sent:** Tuesday, November 26, 2019 11:39 AM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>; Aubry Wand <awand@wandlawfirm.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Ben, we have reviewed your letter. Your Ninth Circuit case is not only distinguishable, but it is distinguished in the cases we cited. Further, we have not received the Facebook post or the questionnaire, your comparison fails from the start.

Our proposal remains the same: Comply with your discovery obligations. It is that simple.

We have already drafted our submission for the Court. We look forward to bringing your discovery violations to the Court's attention.

Best regards,
Jon

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Date:** Tuesday, Nov 26, 2019, 1:25 PM
**To:** Cohn, Jonathan <jfcohn@sidley.com>, Branch, Morgan <mbranch@sidley.com>, Fougere, Josh <jfougere@sidley.com>, Reza Rezvani <rrezvani@faruqilaw.com>, Fradette, Jacquelyn E <jfradette@sidley.com>, Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>, Joshua Nassir <jnassir@faruqilaw.com>, Aubry Wand <awand@wandlawfirm.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Jon,

Following up on our call yesterday. We will have an answer to you on all issues by the end of the day. In the meantime, have you had a chance to review our letter (including the authority we cited), and do you have a counter or revised proposal in response?

Thanks,
-Ben

---

**From:** Cohn, Jonathan <jfcohn@sidley.com>
**Sent:** Monday, November 25, 2019 3:05 PM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>; Aubry Wand <awand@wandlawfirm.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Ben, thanks. This will facilitate the call.

We will promptly move to compel.

Thank you. And speak to you soon.

Jon

Sent with BlackBerry Work
(www.blackberry.com)

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Date:** Monday, Nov 25, 2019, 5:00 PM
**To:** Branch, Morgan <mbranch@sidley.com>, Cohn, Jonathan <jfcohn@sidley.com>, Fougere, Josh <jfougere@sidley.com>, Reza Rezvani <rrezvani@faruqilaw.com>, Fradette, Jacquelyn E <jfradette@sidley.com>, Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>, Joshua Nassir <jnassir@faruqilaw.com>, Aubry Wand <awand@wandlawfirm.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Jon,

Please see our attached response to your letter. Sending this ahead of the call to facilitate a hopefully productive meet and confer.

Thanks,

Ben

---

**From:** Branch, Morgan <mbranch@sidley.com>
**Sent:** Monday, November 25, 2019 11:54 AM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Cohn, Jonathan <jfcohn@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Receipt confirmed. We will take a look.

**MORGAN BRANCH**
Associate

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
+1 312 853 0824
mbranch@sidley.com
www.sidley.com
SIDLEY

---

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Sent:** Monday, November 25, 2019 10:48 AM
**To:** Branch, Morgan <mbranch@sidley.com>; Cohn, Jonathan <jfcohn@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Morgan,

The attachment should now be released. Please confirm receipt.

-Ben

**From:** Branch, Morgan <mbranch@sidley.com>
**Sent:** Monday, November 25, 2019 8:00 AM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Cohn, Jonathan <jfcohn@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Ben:

The file you attached did not come through. This is what we received on our end:

**Attachment Notice**

The following attachment was removed from the associated email message.

File Name
**Simulator.sim**
File Size
**286107 Bytes**

Attachment management policies limit the types of attachments that are allowed to pass through the email infrastructure.

Attachments are monitored and audited for security reasons.

Please send in a format we can access.

Thanks,

Morgan
**MORGAN BRANCH**
Associate

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
+1 312 853 0824
mbranch@sidley.com
www.sidley.com
SIDLEY

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Sent:** Monday, November 25, 2019 9:51 AM
**To:** Cohn, Jonathan <jfcohn@sidley.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Jon,

Attached, please find the .sim file for Dr. Dennis' simulation. Please let us know if you are looking for something different.

-Ben

---

**From:** Cohn, Jonathan <jfcohn@sidley.com>
**Sent:** Friday, November 22, 2019 3:11 PM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Ben, it is the same request. Sorry if you didn't understand it before.

In any event, Dr. Dennis should have presented the information with his initial report.

Thanks for your follow up.

Jon

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Date:** Friday, Nov 22, 2019, 4:50 PM
**To:** Cohn, Jonathan <jfcohn@sidley.com>, Branch, Morgan <mbranch@sidley.com>, Fougere, Josh <jfougere@sidley.com>, Reza Rezvani <rrezvani@faruqilaw.com>, Fradette, Jacquelyn E <jfradette@sidley.com>, Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>, Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Jon,

This seems like a very different request from what Morgan asked for on November 1 and what you asked for yesterday. Regardless, we've reached out to Mr. Dennis. We'll let you know once we know more.

Thanks,
Ben

---

**From:** Cohn, Jonathan <jfcohn@sidley.com>
**Sent:** Friday, November 22, 2019 1:32 PM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>; Cohn, Jonathan <jfcohn@sidley.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Ben: Dr. Dennis's contention that he has no ability to provide a tool that is embedded in the software is erroneous. The Sawtooth Software Choice Simulator program saves simulations as a .sim file (just like Microsoft Excel saves a spreadsheet as a .xlsx file). Dr. Dennis can provide the original .sim file from when he first ran and presumably saved the simulator. Alternatively, he can use the "Create Client Simulator Package" option in the Sawtooth Software Choice Simulator to generate a version of the .sim file. This is a common feature of Sawtooth, as presented on their website.

We can give you more specifics if necessary. But, in short, the simulator should use the same settings and attribute levels that were used by Dr. Dennis to generate Attachments G1 – G12.

To be clear on the nature of what is being requested, the simulator is not at all like a spell checker in a word processor. The simulator takes in the raw utilities and then engages in a series of calculations, to generate the predictions. Had this been done on an Excel spreadsheet, using formulas or macros embedded in the sheet, it would not be sufficient to provide the raw data the sheet uses and a table of the results. Instead, the spreadsheet itself would be needed, to confirm how the calculations were done and how sensitive the results are to the settings used. In this case, we are requesting the .sim file generated by the Sawtooth software, just as we would request the .xlsx Excel file with formulas and macros.

Hope this helps.

Thanks,
Jon

**JONATHAN F. COHN**

**SIDLEY AUSTIN LLP**
+1 202 736 8110
jfcohn@sidley.com

---

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Sent:** Friday, November 22, 2019 1:02 PM
**To:** Cohn, Jonathan <jfcohn@sidley.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** Re: Flintstones Meet and Confer Today / Tomorrow

Jon,

We raised your request with Dr. Dennis and he confirmed that the stimulation tool is a component of the Sawtooth software (just as a spellcheck tool is a component of Microsoft word). He has no ability to give you a tool that is embedded in a software (that you already have). To be clear, we are not refusing your request. We are clarifying that your request asks for something that is impossible to turn over.

-Ben

Get Outlook for iOS

---

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Sent:** Thursday, November 21, 2019 4:14 PM
**To:** Cohn, Jonathan; Branch, Morgan; Fougere, Josh; Reza Rezvani; Fradette, Jacquelyn E; Lally, Amy P.
**Cc:** Timothy J. Peter; Joshua Nassir
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Jon, thanks. That works. I will circulate a dial in.

---

**From:** Cohn, Jonathan <jfcohn@sidley.com>
**Sent:** Thursday, November 21, 2019 4:07 PM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

I have calls on Monday afternoon, but I will move them to make this happen. How about 3:30 PT?

**JONATHAN F. COHN**

**SIDLEY AUSTIN LLP**
+1 202 736 8110
jfcohn@sidley.com

---

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Sent:** Thursday, November 21, 2019 5:54 PM
**To:** Cohn, Jonathan <jfcohn@sidley.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Jon,

Thanks. Our phone lines have always been open – we reiterate our position that we are happy to meet and confer with you now that we've gotten your letter. There's a lot in your letter to consider. Hopefully there are some points we can reach agreement on to avoid unnecessary motion practice.

We offered to discuss your request for the stimulation tool two weeks ago but never heard back. Regardless, we're having Dr. Dennis immediately look into

your revised request regarding the Stimulator Package. That was not our original understanding of what you requested.

Unfortunately tomorrow doesn't work for a call. What's your availability on Monday afternoon PT? We're wide open. If I hear anything from Dr. Dennis between now and Monday, I will let you know.

Thanks,
Ben

---

**From:** Cohn, Jonathan <jfcohn@sidley.com>
**Sent:** Thursday, November 21, 2019 3:20 PM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Branch, Morgan <mbranch@sidley.com>; Fougere, Josh <jfougere@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>; Fradette, Jacquelyn E <jfradette@sidley.com>; Lally, Amy P. <alally@sidley.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Cohn, Jonathan <jfcohn@sidley.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Ben, we disagree with and are disappointed by your position, especially since neither party in this litigation has previously refused to meet and confer or demanded a formal letter as a prerequisite to conferring. Our phone lines have remained open, and I am surprised that you shut yours down. Moreover, you were well aware of the issues we seek discuss because we have discussed all of them already, including many of them on the record during the deposition this week.

Nonetheless, to avoid needless fights over how to conduct a meet and confer, attached is a letter for your review. I can only hope that you and your team will not seek further delay. Discovery deadlines are fast approaching.

Accordingly, please let us know when you have time tomorrow to discuss, and also please let us know as soon as possible when Ms. Woods can sit again for a deposition, after we get the requisite documents.

Thanks in advance,
Jon

**JONATHAN F. COHN**

**SIDLEY AUSTIN LLP**
+1 202 736 8110
jfcohn@sidley.com

---

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Sent:** Wednesday, November 20, 2019 5:45 PM
**To:** Cohn, Jonathan <jfcohn@sidley.com>; Branch, Morgan <mbranch@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Jon,

The relevant local rule says:

L.R. 37-1 Pre-Filing Conference of Counsel. Prior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else. If both counsel are not located within the same county of the Central District, the conference may take place telephonically. Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference. The moving party's letter shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

Magistrate Judge Rosenbluth's rules say "Strict compliance with Local Rule 37 is required."

We are hopeful that you will be able to comply with the local rules and Judge Rosenbluth's rules.

-Ben

---

**From:** Cohn, Jonathan <jfcohn@sidley.com>
**Sent:** Wednesday, November 20, 2019 3:26 PM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Branch, Morgan <mbranch@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Ben, we have complied. Feel free to take your position to the judge. I am really happy to bring your discovery shenanigans to his attention.

Jon

**JONATHAN F. COHN**

**SIDLEY AUSTIN LLP**
+1 202 736 8110
jfcohn@sidley.com

---

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Sent:** Wednesday, November 20, 2019 5:23 PM

**To:** Cohn, Jonathan <jfcohn@sidley.com>; Branch, Morgan <mbranch@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Jon,

We aren't refusing to meet and confer. We are asking you to comply with the Local Rules so that the parties can fully understand each other's positions and legal support so that we can have an informed discussion to potentially obviate the need for unnecessary motion practice.

-Ben

---

**From:** Cohn, Jonathan <jfcohn@sidley.com>
**Sent:** Wednesday, November 20, 2019 3:17 PM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Branch, Morgan <mbranch@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>
**Cc:** Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Ben, you know what the issues are. We discussed them yesterday. Are you refusing to meet and confer? If so, we are happy to moveex *parte*.

Jon

**JONATHAN F. COHN**

**SIDLEY AUSTIN LLP**
+1 202 736 8110
jfcohn@sidley.com

---

**From:** Benjamin Heikali <bheikali@faruqilaw.com>
**Sent:** Wednesday, November 20, 2019 5:15 PM
**To:** Branch, Morgan <mbranch@sidley.com>; Reza Rezvani <rrezvani@faruqilaw.com>
**Cc:** Cohn, Jonathan <jfcohn@sidley.com>; Timothy J. Peter <tpeter@faruqilaw.com>; Joshua Nassir <jnassir@faruqilaw.com>
**Subject:** RE: Flintstones Meet and Confer Today / Tomorrow

Morgan,

So that we can meet and confer effectively and have a productive call, I would request that you provide me with an outline of the issues you have, your position, and your legal support prior to any call, as is required by L.R. 37-1.

Thanks,
Ben

**From:** Branch, Morgan <mbranch@sidley.com>
**Sent:** Wednesday, November 20, 2019 1:41 PM
**To:** Benjamin Heikali <bheikali@faruqilaw.com>; Reza Rezvani <rrezvani@faruqilaw.com>
**Cc:** Cohn, Jonathan <jfcohn@sidley.com>
**Subject:** Flintstones Meet and Confer Today / Tomorrow

Ben:

Let us know when you have an opening today or tomorrow for a meet and confer on the Woods matter. We probably need an hour.

On the call, we plan to address Ms. Woods' discovery failures revealed during her deposition yesterday, the privilege issues that arose, as well as next steps with respect to her deposition. This call will serve as our Rule 37-1 pre-filing conference.

We also need to discuss urgent issues related to Plaintiff's expert disclosures, including her refusal to provide the Sawtooth Simulator Package that is necessary to our assessment of Mr. Dennis's conjoint.

Let us know about scheduling.

Thanks,

Morgan

**MORGAN BRANCH**
Associate

**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
+1 312 853 0824
mbranch@sidley.com
www.sidley.com
SIDLEY

****************************************************************************************************

This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

****************************************************************************************************

# EXHIBIT 4

Faruqi & Faruqi, LLP
Sponsored ·

Have you purchased a Flintstones Complete Multivitamin Gummies supplement? You may have been deceived.




FARUQILAW.COM
**Flintstones Complete Multivitamin Gummies...**

CONTACT US

5 3 Comments 1 Share

Like Comment Share

# Flintstones

Have you purchased a Flintstones Complete Multivitamin Gummies supplement?

Faruqi & Faruqi, LLP is currently suing Bayer for deceptively labeling its Flintstones Complete Multivitamin Gummies supplements as being "Complete" when the products do not contain certain vitamins.

If you purchased any Flintstones Complete Multivitamin Gummies supplement in the last 4 years, you may qualify to participate in a class action lawsuit.

To learn more about or see if you qualify to participate in the class action lawsuit, please fill out the form below. If you qualify, a member of our team will contact you to discuss the details of your potential case at no charge to you.




*First name* *

*Last name* *

*City of Residence* *

*State of Residence* *

- Select state -

*Phone number*

*Email* *

*Have you purchased any Flintstones Complete Multivitamin Gummies supplement in the last 4 years?* *

Select one

*Please enter any additional details you would like the staff reviewing your submission to know.*

☐ I understand and agree that by submitting this form, I consent to being contacted by Faruqi & Faruqi regarding this investigation. I also understand and agree that submitting this form does not create an attorney-client relationship. Instead, my information will be forwarded to an attorney for the purpose of a confidential review and potential representation. *

☐ I want to be contacted by Faruqi & Faruqi LLP for other potential class action investigations

☐ I'm not a robot reCAPTCHA Privacy - Terms

SEND

# EXHIBIT 5

**FARUQI & FARUQI, LLP**
Benjamin Heikali (SBN 307466)
bheikali@faruqilaw.com
Joshua Nassir (SBN 318344)
jnassir@faruqilaw.com
10866 Wilshire Boulevard, Suite 1470
Los Angeles, California 90024
Telephone: 424.256.2884
Facsimile: 424.256.2885

*Attorneys for Plaintiff Sonnetta Woods*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONNETTA WOODS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYER HEALTHCARE LLC and BAYER CORPORATION,<br><br>Defendants. | Case No. 2:17-cv-08525 JAK (JPRx)<br><br>**PLAINTIFF'S RESPONSES TO DEFENDANTS BAYER HEALTHCARE LLC AND BAYER CORPORATION'S FIRST SET OF INTERROGATORIES ON SUBSTITUTED PLAINTIFF**<br><br>Hon. John A. Kronstadt<br>Courtroom 10B |

PROPOUNDING PARTY: DEFENDANTS BAYER HEALTHCARE LLC AND BAYER CORPORATION

RESPONDING PARTY: PLAINTIFF SONNETTA WOODS

SET NO. ONE

Plaintiff Sonnetta Woods ("Plaintiff") hereby responds to Defendants Bayer Healthcare LLC and Bayer Corporation's ("Defendants") First Set of Interrogatories on Substituted Plaintiff as follows:

## PRELIMINARY STATEMENT

These responses reflect the results of Plaintiff's diligent and reasonable efforts to respond to Defendants' First Set of Interrogatories on Substituted Plaintiff, based on the investigation Plaintiff has thus far been able to conduct. Discovery and investigation of this case is ongoing, and the following responses are given without prejudice to Plaintiff's right to amend, modify or supplement these responses and/or assert additional objections as this litigation continues and as additional information becomes available to her.

Plaintiff does not waive: (1) any objections as to the admissibility of, competency of, relevancy of, materiality of, or privilege attaching to any information provided; or (2) the right to object to other discovery requests or undertakings involving or relating to the subject matter of the Interrogatories herein. An objection or answer in response to Defendants' Interrogatories in no way constitutes or should be construed as an admission with respect to the relevance or admissibility of any response.

## GENERAL OBJECTIONS

1. Plaintiff objects to Defendants' definitions and instructions to the Interrogatories to the extent that they are inconsistent with, or enlarge upon, obligations imposed upon Plaintiff by the Federal Rules of Civil Procedure, applicable Court orders, and/or agreements between the Parties. In the event that

any portion of the Instructions conflicts with the applicable rules of civil procedure or attempts to impose requirements beyond those imposed by the applicable rules, the applicable rules and their requirements shall prevail.

2. Plaintiff objects to the definitions of the terms "you" or "your", and Interrogatories relying on those terms, as overly broad and unduly burdensome, and to the extent such definitions purport to impose any burden or obligation in excess of the requirements of the Federal Rules of Civil Procedure, or applicable court orders, including by purporting to seek responses from non-parties or based upon documents outside of Plaintiff's possession, custody or control. Plaintiff further objects to the extent the definition of these terms purports to include counsel representing Plaintiff, as such definition is overbroad and implicates information protected by the attorney work-product doctrine and the attorney-client privilege. All objections and responses herein are propounded on behalf of Sonnetta Woods, and the term "you" is understood in Plaintiff's responses to refer to Sonnetta Woods.

3. Plaintiff does not waive: (1) any objections as to the admissibility of, competency of, relevancy of, materiality of, or privilege attaching to any information provided; or (2) the right to object to other discovery requests or undertakings involving or relating to the subject matter of the requests herein. An objection or answer in response to Defendants' Interrogatory in no way constitutes or should be construed as an admission with respect to the relevance or admissibility of any response.

Without waiving any of the foregoing General Objections, which apply to each and every one of Plaintiff's responses set forth below and are incorporated by reference therein, Plaintiff responds as follows:

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

State your definition of the word "Complete" as it appears on the label of Flintstones Gummies.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion and/or an expert opinion.

Subject to and without waiving the foregoing General Objections, Plaintiff responds as follows: In the context of the Flintstones Gummies' labeling, Plaintiff defines the word "Complete" to mean that the Flintstones Gummies would include every vitamin that experts in the field of vitamins would consider a "vitamin".

**INTERROGATORY NO. 2:**

State specifically what you understood the word "Complete" on the label of Flintstones Gummies to mean when you purchased the product.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion and/or an expert opinion.

Subject to and without waiving the foregoing General Objections, Plaintiff responds as follows: Plaintiff understands Interrogatory No. 2 to seek the same information as Interrogatory No. 1. For this reason, Plaintiff refers Defendants to Plaintiff's answer in Interrogatory No. 1. To the extent Interrogatories Nos. 1 and 2 seek different information, Plaintiff is willing to meet and confer with Defendants to specify the information Defendants seek in Interrogatory No. 2.

**INTERROGATORY NO. 3:**

State specifically what vitamins and minerals that you understood to be included or excluded from Flintstones Gummies based on the fact that the word “Complete” was included on the label, when you purchased the product.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion and/or an expert opinion. Plaintiff further objects to this Interrogatory on the grounds that “minerals” in the Flintstones Gummies is irrelevant, as Plaintiff’s allegations in the Complaint are not related to the presence or absence of minerals in the product.

Subject to and without waiving the foregoing General Objections, Plaintiff responds as follows: Plaintiff expected that the Flintstones Gummies would contain all the vitamins, as referenced in her response to Defendants’ Interrogatory No. 1. Plaintiff did not have an expectation on whether specific vitamins would be included or excluded in the Product when making her purchasing decision.

**INTERROGATORY NO. 4:**

Please state all facts underlying, warranting, justifying, or evidencing your allegation that you and all “other consumers” “believ[ed] that [Flintstones Gummies] contain all the vitamins” due to “Defendants’ ‘Complete’ multivitamin supplement representation” on the label. First Am. Compl. ¶ 25.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory on the grounds that it seeks information equally available to Defendants. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion and/or an expert opinion.

Plaintiff further objects to this Interrogatory on the grounds that Defendants assumes facts not found in Plaintiff's First Amended Complaint, in particular that Plaintiff pleads this allegation in regard to "all" consumers. Plaintiff further objects to this Interrogatory to the extent it requires responding party to state "all facts" supporting a contention and is thereby impermissibly overbroad.

Subject to and without waiving the foregoing General Objections, will not respond to this Interrogatory at this time.

**INTERROGATORY NO. 5:**

Please state all facts underlying, warranting, justifying, or evidencing your allegation that you and all "other consumers purchased the [Flintstones Gummies]" "[i]n reasonable reliance on Defendants' 'Complete' multivitamin supplement representation" on the Flintstones Gummies. *Id*.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory on the grounds that it seeks information equally available to Defendants. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion and/or an expert opinion. Plaintiff further objects to this Interrogatory on the grounds that Defendants assumes facts not found in Plaintiff's First Amended Complaint, in particular that Plaintiff plead this allegation in regard to "all" consumers. Plaintiff further objects to this Interrogatory to the extent it requires responding party to state "all facts" supporting a contention and is thereby impermissibly overbroad.

Subject to and without waiving the foregoing General Objections, will not respond to this Interrogatory at this time.

**INTERROGATORY NO. 6:**

Please state all facts underlying, warranting, justifying, or evidencing your

allegation that you and all "other consumers did not know, and had no reason to know, that [Flintstones Gummies] do not contain the Missing Vitamins." *Id*. ¶ 26.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory on the grounds that it seeks information equally available to Defendants. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion and/or an expert opinion. Plaintiff further objects to this Interrogatory on the grounds that Defendants assumes facts not found in Plaintiff's First Amended Complaint, in particular that Plaintiff plead this allegation in regard to "all" consumers. Plaintiff further objects to this Interrogatory to the extent it requires responding party to state "all facts" supporting a contention and is thereby impermissibly overbroad.

Subject to and without waiving the foregoing General Objections, will not respond to this Interrogatory at this time.

**INTERROGATORY NO. 7:**

Please state all facts underlying, warranting, justifying, or evidencing your allegation that you and all "other consumers . . . paid an unlawful premium for the [Flintstones Gummies]." *Id*. ¶ 29.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory on the grounds that it seeks information equally available to Defendants. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion and/or an expert opinion. Plaintiff further objects to this Interrogatory to the extent it requires responding party to state "all facts" supporting a contention and is thereby impermissibly overbroad.

Subject to and without waiving the foregoing General Objections, will not

respond to this Interrogatory at this time.

**INTERROGATORY NO. 8:**

Please state all facts underlying, warranting, justifying, or evidencing your allegation that you and all "other consumers would have paid significantly less for . . . [or] would not have purchased [Flintstones Gummies] at all had they known that the [Flintstones Gummies] do not contain the Missing Vitamins." *Id*.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory on the grounds that it seeks information equally available to Defendants. Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion and/or an expert opinion. Plaintiff further objects to this Interrogatory on the grounds that Defendants assumes facts not found in Plaintiff's First Amended Complaint, in particular that Plaintiff plead this allegation in regard to "all" consumers. Plaintiff further objects to this Interrogatory to the extent it requires responding party to state "all facts" supporting a contention and is thereby impermissibly overbroad.

Subject to and without waiving the foregoing General Objections, will not respond to this Interrogatory at this time.

**INTERROGATORY NO. 9:**

Identify all multivitamins you or your family members have purchased and/or used, including but not limited to the Flintstones Gummies at issue, along with the dates on which the multivitamins were purchased, and the prices of the products purchased.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory and will not

respond to this Interrogatory to the extent it seeks information regarding products not related to this underlying Action, as the Interrogatory is not relevant to any party's claim or defense and is not proportional to the needs of this case. Plaintiff further objects to this Interrogatory to the extent it seeks information regarding purchases Plaintiff did not personally make. Plaintiff further objects to this Interrogatory on the ground that, to the extent it seeks information regarding products purchased by non-parties, the Interrogatory is not relevant to any party's claim or defense and is not proportional to the needs of this case. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad as to scope of time. Plaintiff further objects to the extent the phrase "family members" is undefined, vague and ambiguous.

Subject to and without waiving the foregoing General Objections, Plaintiff responds as follows:

1. Flintstones™ Gummies Complete Children's Multivitamin Supplement:
    a. Purchased on or around January 2019. Plaintiff does not recall the price she paid for this product.
    b. Purchased approximately three to four times throughout 2018. Plaintiff does not recall the prices she paid for this product.
    c. Purchased approximately three to four times throughout 2017. Plaintiff does not recall the prices she paid for this product.
    d. Purchased approximately three to four times throughout 2016. Plaintiff does not recall the prices she paid for this product.
2. Flintstones™ Sour Gummies Complete Children's Multivitamin Supplement:
    a. Purchased on or around early 2016. Plaintiff does not recall the price she paid for this product.

3. Flintstones™ Complete Chewables Multivitamins tablets:
    a. Purchased on or around February to March 2019. Plaintiff does not recall the price she paid for this product.

**INTERROGATORY NO. 10:**

Have you visited any websites concerning *any* multivitamins, including but not limited to the Flintstones Gummies at issue? If yes, provide the name of the website, the website URL, and the date(s) you visited.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory on the ground that, to the extent it seeks information regarding websites for products not related to this underlying Action, the Interrogatory is not relevant to any party's claim or defense and is not proportional to the needs of this case. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad as to scope of time.

Subject to and without waiving the foregoing General Objections, Plaintiff responds as follows: No.

**INTERROGATORY NO. 11:**

Identify any and all email addresses, social media handles or profiles, names, screen names, or other identifiers you have used to communicate with anyone other than your lawyer regarding multivitamins and/or dietary supplements, this lawsuit, or anything related to your allegations against Bayer.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad as to scope of time. Plaintiff further objects to this Interrogatory on the ground that, to the extent it seeks information regarding multivitamins and

dietary supplements outside the scope of this Action, the Interrogatory is not relevant to any party's claim or defense and is not proportional to the needs of this case.

Subject to and without waiving the foregoing General Objections, Plaintiff responds as follows: None.

**INTERROGATORY NO. 12:**

Have you ever spoken with a doctor, pharmacist, or any healthcare provider regarding the use and/or purchase of multivitamins? If yes, identify with whom you spoke, his or her address and phone number, when the conversation occurred, and the content of such conversation(s).

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad as to scope of time. Plaintiff further objects to this Interrogatory as it seeks privileged information. Plaintiff further objects to this Interrogatory to the extent it seeks information protected by third-parties' right to privacy under Article One, Section One of the California Constitution.

**INTERROGATORY NO. 13:**

Have you spoken with anyone regarding your lawsuit, other than your lawyer, either orally, in writing, or by any other means? If yes, identify with whom you spoke, when the conversation(s) occurred, and the content and nature of such conversation(s). If the conversation is in writing, produce those conversations.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory to the extent it seeks information protected by third-parties' right to privacy under Article One, Section One of the California Constitution. Plaintiff further objects to this

Interrogatory to the extent it seeks information that is protected by the attorney-client privilege.

Subject to and without waiving the foregoing General Objections, Plaintiff responds as follows: No.

**INTERROGATORY NO. 14:**

Have you been convicted of or pled guilty to any felony or any crime that involved an alleged act of dishonesty or providing a false statement? If yes, identify the change to which you pled guilty to or were convicted, as well as the court where the action was pending, and the date of the plea or conviction.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiff responds as follows: No.

**INTERROGATORY NO. 15:**

Have you ever filed a lawsuit or issued a demand letter, other than with regard to the present suit? If yes, identify the nature of the case, the parties, case number, where it was filed, and identify your lawyer.

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff incorporates herein by specific reference each of the aforementioned General Objections. Plaintiff further objects to this Interrogatory on the ground that, to the extent it seeks information regarding other lawsuits not related to this underlying Action, the Interrogatory is not relevant to any party's claim or defense and is not proportional to the needs of this case. Plaintiff further objects to this Interrogatory on the grounds that it is overbroad as to scope of time.

Subject to and without waiving the foregoing General Objections, Plaintiff

responds as follows: No.

DATED: October 16, 2019

**FARUQI & FARUQI, LLP**
By: *<u>/s/ Benjamin Heikali</u>*
Benjamin Heikali (SBN 307466)
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: bheikali@faruqilaw.com

*Counsel for Sonnetta Woods and the Proposed Class*

# VERIFICATION

United States District Court
Central District of California

*Cabrera, et al. v. Bayer Healthcare LLC, et al.*
Case No. 2:17-cv-08525 JAK (JPRx)

I, Sonnetta Woods, declare that I have read and reviewed the following discovery responses and know the contents thereof:

**PLAINTIFF'S RESPONSES TO DEFENDANTS BAYER HEALTHCARE LLC AND BAYER CORPORATION'S FIRST SET OF INTERROGATORIES**

The factual contentions contained in this discovery are based on my own knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that this Verification was executed on 10/15/2019 | 5:43 PM PDT in Gardena, California.

DocuSigned by:
1924913FEE9F49C...
___________________________

Sonnetta Woods

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) *ss.:*
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10866 Wilshire Boulevard, Suite 1470, Los Angeles, California 90024.

On October 16, 2019, I caused the following document to be served which is described as:

**PLAINTIFF'S RESPONSES TO DEFENDANTS BAYER HEALTHCARE LLC AND BAYER CORPORATION'S FIRST SET OF INTERROGATORIES ON SUBSTITUTED PLAINTIFF**

by delivering true copies addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ BY FACSIMILE TRANSMISSION. I caused a facsimile machine transmission from facsimile machine telephone number (424) 256-2885 to the facsimile machine telephone number(s) listed on the attached Service List. Upon completion of said facsimile machine transmission(s), the transmitting machine issued a transmission report(s) showing the transmission(s) was/were complete and without error.

☒ BY ELECTRONIC SERVICE. I emailed the above document(s) from e-mail address smarton@faruqilaw.com to the respective e-mail addresses listed in the attached service list, from Los Angeles, California.

☒ BY U.S. MAIL. I caused such envelope(s) to be mailed with postage thereon fully prepaid. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

Executed on October 16, 2019, at Los Angeles, California.

[signature]

Susanna Marton

# SERVICE LIST

Via U.S. mail and Electronic Service (e-mail)

Amy P. Lally
alally@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9500
Facsimile: (310) 595-9501

Jonathan F. Cohn (*pro hac vice*)
jfcohn@sidley.com
Joshua J. Fougere (*pro hac vice*)
jfougere@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

*Attorneys for Defendants*
*Bayer HealthCare LLC and Bayer Corporation*