| | |
|---|---|
| Amy P. Lally, SBN 198555<br>alally@sidley.com<br>SIDLEY AUSTIN LLP<br>1999 Avenue of the Stars 17th Floor<br>Los Angeles CA 90067<br>Telephone: (310) 595-9500<br>Fax: (310) 595-9501<br><br>Jonathan F. Cohn (*pro hac vice*)<br>jfcohn@sidley.com<br>Joshua J. Fougere (*pro hac vice*)<br>jfougere@sidley.com<br>SIDLEY AUSTIN LLP<br>1501 K Street, NW<br>Washington, DC 20005<br>Telephone: (202) 736-8000<br>Fax: (202) 736-8711 | Jacquelyn Fradette (*pro hac vice*)<br>jfradette@sidley.com<br>SIDLEY AUSTIN LLP<br>1501 K Street, NW<br>Washington, DC 20005<br>Telephone: (202) 736-8000<br>Fax: (202) 736-8711<br><br>Morgan Branch (*pro hac vice*)<br>mbranch@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br>Fax: (312) 853-7036 |

*Attorneys for Defendants*
*Bayer Healthcare LLC and Bayer Corporation*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAMILLE CABRERA, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>BAYER HEALTHCARE LLC and BAYER CORPORATION,<br><br>  Defendants. | Case No. 2:17-cv-08525-JAK-JPRx<br><br>**CLASS ACTION**<br><br>**BAYER'S APPLICATION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND CERTAIN ATTACHED EXHIBITS**<br><br>Date: April 20, 2020<br>Time: 8:30 A.M.<br>Place: Courtroom 10B<br><br>Assigned to: Hon. John A. Kronstadt |

Pursuant to Civil Local Rules 5.2 and 79-5, the Stipulated Protective Order ("Protective Order") entered in this case on April 2, 2018 (Dkt. No. 40), and Federal Rule of Civil Procedure 26(c), Bayer Healthcare LLC and Bayer Corporation ("Bayer") submit this Application to File Under Seal portions of Plaintiff's Reply in Support of Motion for Class Certification ("Reply") (Dkt. No. 130-1) and portions of certain exhibits attached thereto (Dkt No. 130-2 and Dkt. No. 130-3). This application is accompanied by a proposed order.

## I.   INTRODUCTION

As discussed in Bayer's previously filed and granted Applications to file document under seal (Dkt. 102 and Dkt. 107), Bayer, like other litigants is obliged to share documents in discovery, has a substantial interest in protecting its trade secrets from dissemination to competitors and others that might use such information to Bayer's detriment. In order to protect such confidential business information and avoid competitive harm, federal law authorizes courts to enter any order which justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" to ensure that, for good cause shown, "confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c).

Plaintiff's Reply and certain exhibits attached thereto contain confidential, commercially-sensitive information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the Protective Order. This information concerns Bayer's confidential business strategies, market research, non-public financial information, and other commercially sensitive information. Portions of certain exhibits also contain IRI data that has been designated as HIGHLY CONFIDENTIAL pursuant to an independent, third-party contract. Public disclosure of this information would place Bayer at a significant business disadvantage vis-à-vis competitors, and would create a serious risk of competitive

1

BAYER'S APPLICATION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND CERTAIN ATTACHED EXHIBITS

injury. Accordingly, and as set forth below, the exhibits and testimony identified in the Declaration filed in support of this Application should be sealed.

**II.     ARGUMENT**

When a party seeks to seal documents filed with a motion that "will affect whether or not the litigation proceeds," such as a class certification motion, a party must show "compelling reasons for sealing the record." *Algarin v. Maybelline, LLC*, No. 12-cv-3000, 2014 WL 690410, at *2 (S.D. Cal. Feb. 21, 2014) (applying the compelling reasons standard because "[i]n the instant case, it is likely that denial of class certification will sound the 'death knell' of the litigation, as Plaintiffs have only alleged *de minimis* individual damages [of $10 to $22 dollars]").

"In general, 'compelling reasons' . . . exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The Ninth Circuit has adopted a broad definition of "trade secrets" for purposes of sealing, stating that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts § 757, cmt. b); *see also Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972).

The protection of confidential business information provides a compelling reason for sealing court records. *In re ConAgra Foods, Inc.*, No. cv-11-5379, 2014 WL 12577133, at *4 (C.D. Cal. Dec. 29, 2014) ("Courts routinely find that the risk of competitive harm arising from the public disclosure of internal business documents constitutes a compelling reason that justifies sealing."). "Where the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in

understanding the judicial process." *Selling Source, LLC v. Red River Ventures, LLC*, No. 09-cv-1491, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011); *see also In re Adobe Sys. Inc. Sec. Litig.*, 141 F.R.D. 155, 161–62 (N.D. Cal. 1992) ("Protective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated.").

Pursuant to these standards, Bayer requests that the Court seal portions of Plaintiff's Reply and Exhibits 4 and 7. These documents reference information related to Bayer's proprietary business operations and trade secrets, the disclosure of which will cause competitive harm to Bayer and to third parties. *See, e.g.*, *Algarin*, 2014 WL 690410, at *3 (finding compelling reasons to seal documents containing "market research, consumer research, advertising data and marketing strategy" as "[p]ublic disclosure of L'Oréal's confidential business material, marketing strategies, product development plans could result in improper use by business competitors seeking to replicate L'Oréal's business practices"); *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, No. 1:09-cv-00560, 2012 WL 6160468, at *2 (E.D. Cal. Dec. 11, 2012) (finding "good cause to continue protection of the disputed materials" where the documents "detail Defendants' business and pricing strategies, [including] how Defendants intend to compete in the tin mill market."). Public disclosure of these portions of the exhibits is likely to cause material harm to Bayer's business, particularly in a market as competitive as children's multivitamins. Bayer also supports sealing lines related to IRI data, which constitutes sensitive sales-related information that should be sealed.[1] *See Algarin*, 2014 WL 690410, at *3-4 (granting

---

[1] In addition to the IRI data constituting sensitive, proprietary sales and pricing information typically protected from disclosure, *see Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (holding that detailed product-specific financial information, including costs, sales and profits merited sealing as confidential information), Bayer executed an agreement with IRI to treat IRI data with the highest level of confidentiality under the Protective Order.

motion to seal "IRI data" as "public disclosure may result in improper use by competitors who may circumvent expending their own resources in obtaining the information").

Moreover, this is a narrow request: Bayer seeks to seal only those portions of these documents that reference the confidential information. *See, e.g., Stone v. Advance Am., Cash Advance Ctrs., Inc.*, No. 08-cv-1549, 2011 WL 662972, at *3 (S.D. Cal. Feb. 11, 2011) (sealing excerpts of deposition testimony "contain[ing] trade secret information which might become a vehicle for improper purposes in the hands of business competitors"); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-5501, 2014 WL 4805332, at *2 (N.D. Cal. Sept. 25, 2014) (sealing excerpts of deposition testimony and noting that party's request was "narrowly tailored, as it seeks to redact only sealable information from the exhibits").

Accordingly, Bayer asks the Court to seal portions of the following depositions and reports:

- December 6, 2019 Rebuttal Expert Report of J. Michael Dennis, Ph.D. (Ex. 4) (n.2): discussing Bayer's internal, confidential consumer research regarding product recognition of Bayer products on the market in comparison to other products on the market.
- January 10, 2020 deposition of Bruce A. Strombom, Ph.D. (Ex. 7) (portions of lines 128:16-129:4;[2] 164:14-22): discussing confidential IRI financial pricing data labeled HIGHLY CONFIDENTIAL pursuant to an independent contract with IRI.

For the same reasons, Bayer also asks the Court to seal portions of Plaintiff's Reply (portions of 12:17-21; 23-28; 13:4-5) that discuss or otherwise reference confidential business information.

---

[2] This portion of Exhibit 7 has already been filed under seal as Exhibit N to Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Class Certification. (Dkt. 127-15).

## III. CONCLUSION

Because compelling reasons support sealing in this case, Bayer respectfully requests that—pursuant to the Protective Order—the court seal portions of Plaintiff's Reply and Exhibits 4 and 7 attached thereto that discuss or otherwise reference confidential business information.

Dated: April 2, 2020          SIDLEY AUSTIN LLP

By: */s/ Amy P. Lally*
Amy P. Lally (SBN 198555)
alally@sidley.com
1999 Avenue of the Stars 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9500
Fax: (310) 595-9501

Jonathan F. Cohn (*pro hac vice*)
jfcohn@sidley.com
Joshua J. Fougere (*pro hac vice*)
jfougere@sidley.com
Jacquelyn E. Fradette (*pro hac vice*)
jfradette@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711

Morgan Branch (*pro hac vice*)
mbranch@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
sl
*Attorneys for Defendants Bayer Corporation, and Bayer Healthcare LLC*

5

BAYER'S APPLICATION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND CERTAIN ATTACHED EXHIBITS